STATE OF NORTH CAROLINA v. BOBBY DEAN TRIPLETT, JR.

No. 650A84

(Filed 18 February 1986)

1. **Homicide § 21.4— defendant as perpetrator of murder—sufficiency of evidence**

   The State's evidence was sufficient to support a reasonable inference that defendant murdered his mother where it tended to show that defendant shared a home with his mother; defendant was the last person to see his mother on the night of February 13; in the early morning hours of February 14, he was seen down a fifty-foot embankment and very near the spot where his mother's body was later found; cigarette butts of the brand defendant smokes were found near the body; defendant had made prior threats to his mother and had attacked her and choked her on occasions; defendant had told others that he would inherit all of his mother's property; and defendant had a motive for the killing in that he and his mother had argued over the fact that she would not allow defendant's estranged wife to move into her house.

2. **Criminal Law § 73.2— hearsay testimony—admissibility under Rule 804(b)(5)— guidelines for trial court**

   In the exercise of its supervisory jurisdiction, the Supreme Court adopts guidelines for the admission of hearsay testimony under N.C.G.S. § 8C-1, Rule 804(b)(5) which parallel those guidelines adopted by the Court in *State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833, for the admission of hearsay testimony under the "catchall" or "residual" hearsay exception of N.C.G.S. § 8C-1, Rule 803(24).

3. **Criminal Law § 73.2— hearsay testimony—admission under Rule 804(b)(5)—un-availability of declarant**

   In order for hearsay testimony to be admitted under Rule 804(b)(5), the trial judge must first find that the declarant is unavailable before commencing the six-part inquiry prescribed by *State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833.

1

State v. Triplett

4. **Criminal Law § 73.2 — hearsay testimony — admission under Rule 804(b)(5) — six-part inquiry by trial court**

Once the trial court determines that the declarant is unavailable, in order to admit hearsay testimony under Rule 804(b)(5) the court must then (1) determine that the proponent of the hearsay provided proper notice to the adverse party of his intent to offer it and of its particulars, although detailed findings of fact are not required; (2) enter a conclusion on the record that the statement is not covered by any of the exceptions listed in Rule 804(b)(1)-(4); (3) make findings of fact and conclusions of law that the statement possesses equivalent circumstantial guarantees of trustworthiness; (4) include in the record a determination that the proffered statement is offered as evidence of a material fact; (5) make findings and conclusions that the hearsay statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts, although the inquiry may be less strenuous than in Rule 803(24) cases since the declarant will be unavailable; and (6) enter a conclusion on the record that the general purposes of the Rules of Evidence and the interests of justice will best be served by admission of the statement into evidence.

5. **Criminal Law § 73.2 — hearsay testimony — admission under Rule 804(b)(5) — prospective application of guidelines**

The requirements adopted by the Supreme Court as to the detail with which the trial judge must make the determinations specified in Rule 804(b)(5) will apply only to those cases in which the trial begins after the certification date of this opinion. In those cases to which such requirements do not apply, the appellate courts will examine each appeal on a case-by-case basis to determine whether the ruling of the trial judge admitting or excluding evidence under Rule 804(b)(5) may be sustained on the contents of the record on appeal.

6. **Criminal Law § 73.2 — hearsay testimony — admission under Rule 804(b)(5) — circumstantial guarantees of trustworthiness**

Statements by a murder victim to two witnesses concerning defendant's threats and attacks against her possessed equivalent circumstantial guarantees of trustworthiness to permit admission of hearsay testimony by the witnesses concerning such statements where the first witness was a close friend of the victim and the victim was thus very likely to be honest when she told the witness of defendant's threats, the second witness was the victim's daughter, and the only apparent motive for the victim's statements to both witnesses was her concern for her own safety.

7. **Criminal Law § 73.2 — hearsay testimony — admission under Rule 804(b)(5) — sufficiency of notice**

The trial court could reasonably conclude that written notice on the day defendant's trial began of the State's intent to offer hearsay statements of the murder victim, when considered in light of prior oral notice, provided defendant a fair opportunity to prepare to meet the statements and to contest their use as required under Rule 804(b)(5) where the evidence tended to show that, three weeks prior to defendant's trial, the prosecutor informed defendant's counsel of his intention to introduce statements made to two witnesses by the victim regarding defendant's attacks and threats toward her; defendant filed a

pretrial motion *in limine* as to statements made by the victim to any witnesses; and subpoenas were issued for these witnesses prior to the hearing of the motion and were available to defendant.

APPEAL by the defendant from judgment entered by *Judge Claude Sitton* at the July 30, 1984 Criminal Session of Superior Court, CALDWELL County.

The defendant was indicted for the first degree murder of his mother, Sumie Takamoto Triplett. He entered a plea of not guilty. The jury found the defendant guilty of the offense charged. Since the prosecutor had informed the trial court that there were no aggravating circumstances, the case was not tried as a capital case. The defendant was sentenced on August 2, 1984 to life imprisonment upon his conviction for first degree murder.

The defendant appealed his conviction for first degree murder and the resulting life sentence to the Supreme Court as a matter of right. Heard in the Supreme Court September 9, 1985.

*Lacy H. Thornburg, Attorney General, by Ralf F. Haskell, Special Deputy Attorney General, for the State.*

*Adam Stein, Appellate Defender, by Malcolm Ray Hunter, Jr., First Assistant Appellate Defender, for the defendant appellant.*

MITCHELL, Justice.

The defendant has brought forth two assignments of error on appeal. He first contends that the trial court erred by denying his motion to dismiss the charge of first degree murder. He also contends that the trial court erred by allowing the State's witnesses to testify as to statements made to them by the victim prior to her death concerning threats made against her by the defendant. These contentions are without merit.

The State's evidence tended to show that the victim, Sumie Triplett, left her second shift mill job at 11:00 p.m. on Monday, February 13, 1984. Around 11:30 p.m., she arrived at her home which she shared with her son, the defendant.

At about 4:30 a.m. on February 14, 1984, a deputy sheriff on routine patrol spotted the victim's car at a "pull-off" area of U.S. Highway 321. After observing the empty car, the officer spotted

the defendant down a fifty-foot embankment. The defendant returned to the car and explained that he had gone to the woods "to use the bathroom." The officer noticed that the defendant's hair was wet. It had been raining earlier that night. The next morning, the defendant was again seen driving his mother's car within a couple of miles of the location at which the officer had seen him. The victim's body was eventually discovered nearby.

Late in the afternoon of February 14th, the defendant called his brother and told him that their mother was missing. The defendant told his brother and sister that he had last seen the victim around 11:30 the previous night. He said that his mother had told him that she was going out and would be back in a little while. The brother testified that the defendant did not seem upset that the victim was missing. Other witnesses testified that the defendant said that he would inherit all of his mother's property.

A search began after the police were notified that the victim was missing. On February 15th, a one-hour search of the area off U.S. Highway 321 where defendant's vehicle was seen the previous night produced a white sock and cigarette lighter. On February 18th, the search was resumed and the officers spotted a trail of blood splatters going down the highway embankment to an old roadbed. Following the trail of blood, the search party found three Marlboro Light cigarette butts and a woman's right shoe. The searchers followed the trail of blood for about three hundred feet and discovered the victim's body hidden under a branch and a pile of leaves. The victim had died from strangulation by ligature three or four days earlier.

Janie Cline, a friend of the victim, and Ann Marie Burns, the victim's daughter, both testified that the victim told them of recent incidents during which the defendant threatened her with harm. Ms. Cline testified that less than a month before the victim's death, she had stated that the defendant had threatened her with a knife and grabbed and choked her. Mrs. Burns testified that the victim had told her that the defendant had threatened the victim with a butcher knife.

The State also introduced evidence that the defendant smoked Marlboro Lights, the same brand as the cigarette butts found near the body. However, the police were unable to determine the blood type of the smoker from saliva residue on the

butts or whether the smoker was a secretor. The defendant was a blood type A-secretor. All three cigarettes found near the body had identical code numbers indicating that they came from the same machine and probably from the same pack, although code numbers on Marlboro Light cigarette butts found in the ashtray of the victim's car did not match those on the butts found near the body.

[1] In his first assignment of error, the defendant contends that the trial court erred by denying his motion to dismiss the charge of first degree murder on the ground that there was insufficient evidence to support a finding that the defendant was the perpetrator of the murder. This contention is without merit.

In testing the sufficiency of the evidence to sustain a conviction and to withstand a motion to dismiss, the reviewing court must determine whether there is substantial evidence of each essential element of the offense and that the defendant was the perpetrator. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). The evidence is to be considered in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn therefrom. *State v. Thomas*, 296 N.C. 236, 250 S.E. 2d 204 (1978); *State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975). When as here the motion to dismiss puts into question the sufficiency of circumstantial evidence, the court must decide whether a reasonable inference of the defendant's guilt may be drawn from the circumstances shown. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). If so the jury must then decide whether the facts establish beyond a reasonable doubt that the defendant is actually guilty. *Id.*

The State offered sufficient evidence to support a reasonable inference that the defendant murdered his mother. That evidence tended to show that the defendant was the last person to see his mother on February 13th. In the early morning hours of February 14th, he was seen down a fifty-foot embankment and very near the spot where his mother's body was later found. Cigarette butts of the brand he smokes were found near the body. The evidence also tended to show that the defendant had made prior threats to his mother and had attacked her and choked her on occasion. The defendant had told others that he would inherit all of his mother's property.

The State's evidence also tended to show that the defendant was living apart from his pregnant estranged wife. The defendant and his mother argued over the fact that she would not allow the defendant's wife to move into the house. His wife had told him that she would return if he got a job and a place to live. Although the State is not required to establish a motive for the crime, this evidence also tends to support an inference that the defendant was the perpetrator of the murder.

Based on the foregoing, we conclude that the evidence was sufficient in the present case to support a reasonable inference that the defendant committed the crime charged. No more was required since the evidence need not be inconsistent with every reasonable hypothesis of innocence in order to withstand a defendant's motion to dismiss. *Id.* at 101, 261 S.E. 2d at 118; *State v. Burton*, 272 N.C. 687, 158 S.E. 2d 883 (1968); *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431 (1956). Therefore, the trial court did not err by denying the defendant's motion to dismiss.

The defendant next assigns as error the trial court's actions in allowing the State's witnesses, Janie Cline and Ann Marie Burns, to testify about statements made to them by the victim regarding the defendant's threats and attacks against her. The defendant contends that their hearsay testimony about such statements was inadmissible under Rule 804(b)(5) of the North Carolina Rules of Evidence because (1) the statements did not have the required circumstantial guarantees of trustworthiness, and (2) the State did not provide written notice as required by Rule 804(b)(5).

Rule 804 which became effective July 1, 1984 provides in pertinent part:

(b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

. . . .

(5) Other Exceptions. A statement not specifically covered by any of the foregoing exceptions [for former testimony, statements under belief of impending death, statements against interest and statements of personal or family history] but having equivalent circumstantial guarantees of

trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can produce through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it gives written notice stating his intention to offer the statement and the particulars of it, including the name and address of the declarant, to the adverse party sufficiently in advance of offering the statement to provide the adverse party with a fair opportunity to prepare to meet the statement.

N.C.G.S. 8C-1, Rule 804(b).

[2] In the recent decision of *State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833 (1985), this Court exercised its supervisory power by adopting guidelines for the admissibility of hearsay testimony under the "catchall" or "residual" hearsay exception established by Rule 803(24). Because Rule 804(b)(5) and Rule 803(24) are substantively nearly identical, we now adopt parallel guidelines for the admission of hearsay testimony under Rule 804(b)(5).

Rule 804(b)(5) is a verbatim copy of Rule 803(24), except that Rule 804(b)(5) also requires that the declarant be unavailable before the hearsay may be admitted and Rule 803(24) does not. Rule 804(a) defines "unavailability as a witness" to include situations in which the declarant:

(1) Is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement; or

(2) Persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so; or

(3) Testifies to a lack of memory of the subject matter of his statement; or

(4) Is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

(5) Is absent from the hearing and the proponent of his statement has been unable to procure his attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), his attendance or testimony) by process or other reasonable means.

A declarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying.

N.C.G.S. 8C-1, Rule 804(a).

[3]  Just as in Rule 803(24) cases, before the hearsay testimony can be admitted under Rule 804(b)(5), the trial judge must engage in the six-part inquiry prescribed in *Smith*. In Rule 804(b)(5) cases, however, the trial judge first must find that the declarant is unavailable before commencing the six-part inquiry. *United States v. Thomas*, 705 F. 2d 709 (4th Cir.), *cert. denied*, 464 U.S. 890 (1983) (finding of "unavailability" that proponent unable to procure attendance of declarant). The degree of detail required in the finding of unavailability will depend on the circumstances of the particular case. For example, in the present case, the declarant is dead. The trial judge's determination of unavailability in such cases must be supported by a finding that the declarant is dead, which finding in turn must be supported by evidence of death. *See, e.g., United States v. Sindona*, 636 F. 2d 792, 804 (2d Cir. 1980). Situations involving out-of-state or ill declarants or declarants invoking their fifth amendment right against self-incrimination may require a greater degree of detail in the findings of fact. *See, e.g., Parrott v. Wilson*, 707 F. 2d 1262 (11th Cir.), *cert. denied*, 464 U.S. 936 (1983) (duration of illness was found to be long enough that trial could not be postponed).

[4]  Once the trial judge determines the declarant is unavailable, he must proceed with the six-part inquiry prescribed by *Smith*. A complete analysis of the requirements for each part of the *Smith* inquiry is not necessary since that case itself provided such

analysis. However, a brief review of the requirements of *Smith* may prove helpful. First, the trial judge must determine that the proponent of the hearsay provided proper notice to the adverse party of his intent to offer it and of its particulars. *State v. Smith*, 315 N.C. at 92, 337 S.E. 2d at 844. *See Furtado v. Bishop*, 604 F. 2d 80 (1st Cir. 1979), *cert. denied*, 444 U.S. 1035 (1980). Detailed findings of fact are not required. After the trial judge determines the notice requirement has been met, he must next determine that the statement is not covered by any of the exceptions listed in Rule 804(b)(1)-(4). *See State v. Smith*, 315 N.C. at 93, 337 S.E. 2d at 844. The trial judge need only enter his conclusion in this regard in the record. The trial judge also must include in the record his findings of fact and conclusions of law that the statement possesses "equivalent circumstantial guarantee of trustworthiness." *See State v. Smith*, 315 N.C. at 93, 337 S.E. 2d at 844-45; Rule 804(b)(5). Further, the trial judge must include in the record a determination that the proffered statement is offered as evidence of a material fact. *See State v. Smith*, 315 N.C. at 94, 337 S.E. 2d at 845.

The trial judge next must consider whether the hearsay statement "is more probative on the point for which it is offered than any other evidence which the proponent can produce through reasonable efforts." N.C.G.S. 8C-1, Rule 804(b)(5). Since under the requirements of Rule 804(b)(5) the declarant must be unavailable, the necessity for use of the hearsay testimony often will be greater than in the cases involving Rule 803(24). Nevertheless, the trial judge still must make findings and conclusions regarding the hearsay's probative value. *de Mars v. Equitable Life Assurance*, 610 F. 2d 55, 61 (1st Cir. 1979). However, the inquiry in such cases may be less strenuous than in Rule 803(24) cases, since the declarant will be unavailable.

The last inquiry under Rule 804(b)(5) is whether "the general purposes of [the] rules [of evidence] and the interests of justice will best be served by admission of the statement into evidence." N.C.G.S. 8C-1, Rule 804(b)(5). The trial judge need only state his conclusion in this regard.

[5] For reasons identical to those fully discussed in *Smith*, the foregoing requirements as to the detail with which the trial judge must make the determinations specified in Rule 804(b)(5) will ap-

ply only to those cases in which the trial begins after the certification date of this opinion. *See State v. Smith,* 315 N.C. at 98, 337 S.E. 2d at 847. Such requirements may not be used as the basis for collaterally attacking any case which was tried prior to the certification date of this opinion or in which no appeal was taken from the trial judgment. In these cases to which the requirements adopted herein do not apply—such as the present case—the appellate courts will examine each appeal on a case-by-case basis to determine whether the ruling of the trial judge admitting or excluding evidence under Rule 804(b)(5) may be sustained based on the contents of the record on appeal. If the record on appeal will not support the ruling of the trial judge, that ruling will be held to be error and the appellate court will then proceed to determine whether the error was reversible error under N.C.G.S. § 15A-1443.

We turn, then, to determine the issue in light of the defendant's contentions in the case at bar. The defendant contends the admission of the hearsay testimony regarding his attacks and threats against the victim were inadmissible under Rule 804(b)(5) because (1) the statements did not have the required circumstantial guarantees of trustworthiness, and (2) the State did not provide written notice as required under the Rule. Unlike the trial judge in *Smith,* the trial judge in the present case made findings of fact that, although not as detailed as will now be necessary under the requirements we have adopted today, are sufficient to support his holding that the hearsay testimony is admissible under the catchall Rule 804(b)(5). We find no error.

Except for differences as to the time and manner in which the proponent of a hearsay statement must give notice of his intent to offer the statement, North Carolina Rule of Evidence 804(b)(5) and Federal Rule of Evidence 804(b)(5) are substantively identical. Therefore, it is proper for this Court to look to federal decisions when determining whether a statement falls within the "other exceptions" of our Rules 804(b)(5) and 803(24).

We have previously held that in weighing the "circumstantial guarantees of trustworthiness" of a hearsay statement for purposes of Rule 803(24), the trial judge must consider among other factors (1) assurances of the declarant's personal knowledge of the underlying events, (2) the declarant's motivation to speak the

truth or otherwise, (3) whether the declarant has ever recanted the statement, and (4) the practical availability of the declarant at trial for meaningful cross-examination. *State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833 (1985). Such factors also must be considered in weighing the "circumstantial guarantees of trustworthiness" under Rule 804(b)(5). Also pertinent to this inquiry are factors such as the nature and character of the statement and the relationship of the parties. *Herdman v. Smith*, 707 F. 2d 839 (5th Cir. 1983).

Janie Cline testified on *voir dire* that she was a close friend of the deceased, Sumie Triplett. Ms. Cline testified that on one occasion Mrs. Triplett said that the defendant had gotten mad at her, slung her around, and threatened her with a knife. After this incident, the deceased called her daughter to come over. Mrs. Triplett also told Ms. Cline that the defendant had choked her on another occasion.

Ann Marie Burns, the deceased's daughter, testified that on Saturday, January 28, 1984 at 9:00 p.m., her mother called and asked her to come over as soon as possible. When Mrs. Burns arrived, her mother stated that the defendant had thrown her around the room and then pulled a butcher knife from the counter, stating that he would cut her throat. Mrs. Burns testified that her mother then asked her to take a gun from the house because she was afraid to have it in the house with the defendant.

[6] The defendant contends that these statements by the victim did not possess circumstantial guarantees of trustworthiness equivalent to those of the other hearsay exceptions of Rule 804. He argues that the declarant consciously or unconsciously exaggerated the conflict between herself and the defendant and that the witnesses were biased. These arguments are unpersuasive.

Applying the factors set forth in *Herdman*, we find sufficient circumstantial guarantees of trustworthiness in the declarant's statements to Ms. Cline. Since the declarant and Ms. Cline enjoyed a close friendship, the declarant was very likely to be honest when she told Ms. Cline of the defendant's threats. Maternal love and concern ordinarily would keep a mother from falsely accusing her son. We consider it much more likely that a mother would slant facts to protect her children or present them in a favorable light than to harm them. The only apparent motivation

for the victim's statements to Ms. Cline in the present case was the victim's concern for her own safety.

The victim's statements to Mrs. Burns also possessed sufficient guarantees of trustworthiness. The only apparent motive for those statements was the victim's fear for her own safety. The evidence at trial gave no indication that the victim had any reason or desire to falsely accuse her son of the actions she described to her daughter.

Cases decided prior to the North Carolina Rules of Evidence, N.C.G.S. Ch. 8C, also support the admission of the hearsay testimony concerning the victim's statements. Those cases held that hearsay testimony was admissible when two factors were shown to exist: necessity and a reasonable probability of truthfulness. *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971). In *State v. Alston*, 307 N.C. 321, 298 S.E. 2d 631 (1983), this Court found a reasonable probability of truthfulness in statements made by the victim/declarant to a law enforcement officer which described ill will between the defendant and the victim and the victim's fear of the defendant. The statements by the victim in the present case, describing prior attacks upon her by the defendant and her fear of the defendant, possess the "circumstantial guarantees of trustworthiness" necessary under Rule 804(b)(5).

[7] We next consider the notice requirement of Rule 804(b)(5) which requires the proponent of the statement to give

> written notice stating his intention to offer the statement and the particulars of it, including the name and the address of the declarant, to the adverse party sufficiently in advance of offering the statement to provide the adverse party with a fair opportunity to prepare to meet the statement.

The defendant contends the State failed to give written notice sufficiently in advance of offering the statements to provide him with a fair opportunity to prepare to meet them.

On July 30, 1984, the day the trial began, the State served written notice of its intent to offer the victim's statements. Notice served the first day of the trial often will not be sufficiently "in advance of offering the statement" to satisfy the requirements of the Rule. However, most courts have interpreted the notice requirement somewhat flexibly, in light of the express

policy of providing a party with a fair opportunity to meet the proffered evidence. *See Furtado v. Bishop*, 604 F. 2d 80, 92 (1st Cir. 1979), *cert. denied*, 444 U.S. 1035 (1980) (applying the notice requirement of Federal Rule of Evidence 804(b)(5)).

In the present case, the evidence tended to show that three weeks prior to the defendant's trial, the prosecutor informed the defendant's counsel of his intention to introduce statements made to Ms. Cline and Mrs. Burns by the deceased regarding the defendant's attacks and threats toward her. On July 26, 1984, the defendant filed a motion *in limine* as to statements made by the deceased to any witnesses. Further, subpoenas were issued for these witnesses prior to the hearing of the motion and were available to the defendant.

The record clearly shows that the defendant had ample actual notice of the State's intention to offer the statements. From such evidence the trial judge could reasonably infer that the written notice on the day the defendant's trial began, when considered in light of the prior oral notice, provided the defendant a fair opportunity to prepare to meet the statements and to contest their use. Therefore, the trial judge did not err by admitting them into evidence.

No error.