STATE OF NORTH CAROLINA v. DAROLD KEITH BENFIELD

No. 8717SC1221

(Filed 6 September 1988)

**Criminal Law § 73.2; Rape and Allied Offenses § 4— taking indecent liberties with child—refusal of child to testify—admission of prior statement—failure to make necessary findings**

In a prosecution of defendant for first degree sexual offense and taking indecent liberties with a child, the trial court erred in admitting into evidence a statement given by the child victim to the investigating officer without making the specific findings of fact and conclusions of law with regard to the unavailability of a witness as required by N.C.G.S. § 8C-1, Rule 804(b)(5); furthermore, such error was prejudicial and required a new trial where the only other direct evidence of the alleged incidents came from defendant's wife, whose credibility was seriously attacked, and the child's statement took on added importance as a result.

APPEAL by defendant from *Briggs, Judge.* Judgment entered 29 September 1987 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 13 April 1988.

*Attorney General Lacy H. Thornburg by Assistant Attorney General William B. Ray for the State.*

*Daniel K. Bailey for defendant appellant.*

COZORT, Judge.

Defendant was convicted of first-degree sexual offense and taking indecent liberties with a child and was sentenced to life in prison plus five years concurrent. On appeal he contends the trial court erred by allowing a hearsay statement of the alleged victim to be introduced without first making findings of fact and conclusions of law as required by the Rules of Evidence and recent rulings by the North Carolina Supreme Court. We agree and remand for a new trial.

The State offered evidence tending to show:

In May of 1985, the defendant returned to his home in Reidsville one night intoxicated. After having sexual intercourse with his wife, he awakened his 11-year-old son and put him in bed with his wife, the child's stepmother. The defendant forced his wife to have sexual intercourse with his son and forced his wife to perform fellatio on his son. Defendant's wife testified that she tried to fake both sexual acts. She put the child's penis in her mouth, but she tried to keep from touching it with her lips and tongue. She tried to pull back to prevent penetration of her vagina when defendant forced the child to lie on top of her, but his penis slipped into her vagina about three times. Defendant's wife also testified that defendant forced her to commit sexual acts with the child when they lived in Asheboro in 1983. On that occasion, defendant displayed a pistol when he ordered his wife and son to have sexual intercourse. Defendant's wife further testified that when they were living in Asheboro, defendant had threatened her and physically abused her, including beating her with a handle from a shovel or hoe.

The child refused to testify. Over defendant's objection, the trial court allowed the State to enter into evidence a statement the child gave to investigating officers in June of 1987. The statement averred that defendant made the child and his stepmother have sex "seven or eight different times," specifically identifying the incidents in Reidsville and Asheboro. In the statement, the child averred that he and his stepmother did "those things" because they were scared of the defendant. Defendant once beat the child in the face with his fist, and the child did not "know what [defendant] might do if I don't do what he tells me."

After verdicts of guilty and imposition of sentence, defendant appeals.

The defendant's main contention on appeal is that the trial court erred by admitting into evidence the statement given by the child to the investigating officer without making the specific findings of fact and conclusions of law pursuant to N.C. Gen. Stat. § 8C-1, Rule 804(b)(5), as required by *State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833 (1985), and *State v. Triplett*, 316 N.C. 1, 340 S.E. 2d 736 (1986). We are constrained to agree and remand the case for a new trial.

At the beginning of the trial, the State served on defendant written notice that it intended to introduce the child's statement to the officer as a hearsay exception under N.C. Gen. Stat. § 8C-1, Rule 803(24), or alternatively under Rule 804(b)(5). The trial court conducted a *voir dire* and made findings of fact. Those findings detailed the child's troubled background, his "Willie M" status, and the psychological trauma associated with the alleged incidents and the possibility of his testifying about the alleged events. The trial court did not state whether it would admit the statement under Rule 803(24) or Rule 804(b)(5). Later in the trial, the child refused to testify when he was called to the stand. The trial court questioned the child at length. The following dialogue is representative of their conversation:

COURT: Why aren't you going to testify?

WITNESS: I don't want to.

COURT: Well, it is not a question of whether you want to or don't want to. it [*sic*] is a question of doing what you are suppose [*sic*] to do. Do you know what could happen to you if you refuse to testify?

WITNESS: No, sir.

COURT: That you could be held in contempt of court, do you understand that?

WITNESS: (No answer)

COURT: Do you know what that means?

WITNESS: (Shakes head from side to side)

COURT: It means that you are refusing to obey an order of the Court. You know that you could be punished for failing to comply with the Court's order? Do you understand what I am saying to you?

WITNESS: (Shakes head up and down)

COURT: With that understanding that you could be punished for refusing to testify are you now willing to take that stand and tell the truth?

WITNESS: I will take the stand but I am not saying anything.

. . . .

WITNESS: The only way I will testify is to talk to you in Chambers.

. . . .

COURT: No, you know Mrs. Broadnax don't you?

WITNESS: Yes, sir.

COURT: And you told her about it?

WITNESS: (Shakes head up and down)

. . . .

[A]nd you talked to this Officer Hopper did you not?

WITNESS: (Shakes head up and down)

COURT: And you made statements to him?

WITNESS: (Shakes head up and down)

. . . .

COURT: Is there a reason why you don't want to testify other than the fact that you just don't want to testify?

WITNESS: (No answer)

COURT: Have you got some reason why you don't want to testify?

WITNESS: (Long pause) I can't handle it. I can't handle it.

COURT: Are you saying that you don't want to testify because you don't want to hurt someone?

WITNESS: (Shakes head up and down)

COURT: Is that the reason?

WITNESS: Huh, huh. (Shakes head up and down)

. . . .

COURT: Well, I am telling you now that you could be punished if you don't testify now, do you understand that?

A. Yes.

COURT: Are you ready now to take the stand?

A. No.

COURT: Are you saying that you are not going to testify?

A. Not in court.

COURT: All right, Sheriff, you may take him out.

The State then asked for a finding that the witness was unavailable, under Rule 804. The trial court stated: "I would be inclined to allow you to introduce into evidence the statement that has been previously made. . . . I will find such facts and conclusions to support that finding at a later time."

A review of the transcript and the record reveals that the trial court never made any further findings and conclusions. The failure to make findings and conclusions, defendant contends, was error sufficient to warrant a new trial. We agree.

Rule 804(b)(5) provides:

(b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

\*  \*  \*  \*

(5) *Other Exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evi-

dence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it gives written notice stating his intention to offer the statement and the particulars of it, including the name and address of the declarant, to the adverse party sufficiently in advance of offering the statement to provide the adverse party with a fair opportunity to prepare to meet the statement.

In *State v. Triplett*, the North Carolina Supreme Court held:

Just as in Rule 803(24) cases, before the hearsay testimony can be admitted under Rule 804(b)(5), the trial judge must engage in the six-part inquiry prescribed in *Smith*. In Rule 804(b)(5) cases, however, the trial judge first must find that the declarant is unavailable before commencing the six-part inquiry. *United States v. Thomas*, 705 F. 2d 709 (4th Cir.), *cert. denied*, 464 U.S. 890 (1983) (finding of "unavailability" that proponent unable to procure attendance of declarant). The degree of detail required in the finding of unavailability will depend on the circumstances of the particular case. For example, in the present case, the declarant is dead. The trial judge's determination of unavailability in such cases must be supported by a finding that the declarant is dead, which finding in turn must be supported by evidence of death. *See, e.g., United States v. Sindona*, 636 F. 2d 792, 804 (2d Cir. 1980). Situations involving out-of-state or ill declarants or declarants invoking their fifth amendment right against self-incrimination may require a greater degree of detail in the findings of fact. *See, e.g., Parrott v. Wilson*, 707 F. 2d 1262 (11th Cir.), *cert. denied*, 464 U.S. 936 (1983) (duration of illness was found to be long enough that trial could not be postponed).

Once the trial judge determines the declarant is unavailable, he must proceed with the six-part inquiry prescribed by *Smith*. A complete analysis of the requirements for each part of the *Smith* inquiry is not necessary since that case itself

provided such analysis. However, a brief review of the requirements of *Smith* may prove helpful. First, the trial judge must determine that the proponent of the hearsay provided proper notice to the adverse party of his intent to offer it and of its particulars. *State v. Smith*, 315 N.C. at 92, 337 S.E. 2d at 844. *See Furtado v. Bishop*, 604 F. 2d 80 (1st Cir. 1979), *cert. denied*, 444 U.S. 1035 (1980). Detailed findings of fact are not required. After the trial judge determines the notice requirement has been met, he must next determine that the statement is not covered by any of the exceptions listed in Rule 804(b)(1)-(4). *See State v. Smith*, 315 N.C. at 93, 337 S.E. 2d at 844. The trial judge need only enter his conclusion in this regard in the record. The trial judge also must include in the record his findings of fact and conclusions of law that the statement possesses "equivalent circumstantial guarantee of trustworthiness." *See State v. Smith*, 315 N.C. at 93, 337 S.E. 2d at 844-45; Rule 804(b)(5). Further, the trial judge must include in the record a determination that the proffered statement is offered as evidence of a material fact. *See State v. Smith*, 315 N.C. at 94, 337 S.E. 2d at 845.

The trial judge next must consider whether the hearsay statement "is more probative on the point for which it is offered than any other evidence which the proponent can produce through reasonable efforts." N.C.G.S. 8C-1, Rule 804(b)(5). Since under the requirements of Rule 804(b)(5) the declarant must be unavailable, the necessity for use of the hearsay testimony often will be greater than in the cases involving Rule 803(24). Nevertheless, the trial judge still must make findings and conclusions regarding the hearsay's probative value. *de Mars v. Equitable Life Assurance*, 610 F. 2d 55, 61 (1st Cir. 1979). However, the inquiry in such cases may be less strenuous than in Rule 803(24) cases, since the declarant will be unavailable.

The last inquiry under Rule 804(b)(5) is whether "the general purposes of [the] rules [of evidence] and the interests of justice will best be served by admission of the statement into evidence." N.C.G.S. 8C-1, Rule 804(b)(5). The trial judge need only state his conclusion in this regard.

*State v. Triplett*, 316 N.C. 1, 8-9, 340 S.E. 2d 736, 740-41 (1986).

Under these requirements, the trial court's findings and conclusions were totally inadequate. The trial court made none of the seven findings and conclusions required under *Triplett*. As a consequence, even though the record provides an evidentiary basis from which at least some of the findings could have been made, it was error for the trial court to fail to make the specific findings and conclusions. In *Triplett*, the Supreme Court directed that the *trial judge must make the determinations* in those cases in which the trial begins after the opinion in *Triplett* was certified, which was in 1986. The appellate courts are not to comb the record on appeal to find support for the trial court's admission of hearsay in trials beginning after the certification date. *Id.* at 9-10, 340 S.E. 2d at 741. The defendant's trial herein began in September of 1987. The requirements of *Triplett* applied to the case at bar.

We next consider whether the error was prejudicial and requires a new trial. Our review of the transcript indicates that the only other direct evidence of the alleged incidents against the defendant came from defendant's wife. Defendant's wife was vigorously cross-examined about variances in earlier statements, letters to the defendant concerning possible charges against her, and letters to the defendant describing sexual acts with a young boy. In short, her credibility was seriously attacked. We believe the child's statement took on added importance as a result, and we are unable to say that its admission without making the required findings was harmless error.

Defendant argued five other assignments of error. Because of our ordering a new trial on the hearsay statement issue, we decline to discuss them here since they are not likely to arise again at defendant's new trial.

New trial.

Chief Judge HEDRICK and Judge WELLS concur.