STATE v. DAMMONS

[121 N.C. App. 61 (1995)]

---

STATE OF NORTH CAROLINA v. CLAUDE EDWARD DAMMONS

No. COA94-1355

(Filed 5 December 1995)

1. **Evidence and Witnesses § 1007 (NCI4th)— residual exception to hearsay rule—unavailability of witness—sufficiency of trial court's determination**

The trial court's determination that a witness was unavailable for purposes of the residual exception to the hearsay rule was sufficient where the State had subpoenaed the witness numerous times to appear in court but she could not be located, and defendant was made aware that the State was going to use the witness's statement at trial. N.C.G.S. § 8C-1, Rule 804(b)(5).

**Am Jur 2d, Evidence §§ 701-703.**

**Uniform Evidence Rule 803(24): the residual hearsay exception. 52 ALR4th 999.**

STATE v. DAMMONS

[121 N.C. App. 61 (1995)]

Residual hearsay exception where declarant unavailable: Uniform Evidence Rule 804(b)(5). 75 ALR4th 199.

2. **Evidence and Witnesses § 1009 (NCI4th)— unavailable witness—trustworthiness of statement—failure to make adequate findings and conclusions**

Although the record contained sufficient evidence upon which the trial court could have made sufficient findings of fact and conclusions of law regarding the trustworthiness of a statement by an unavailable witness admitted under the residual exception to the hearsay rule, the court failed to do so, and defendant is therefore entitled to a new trial.

**Am Jur 2d, Evidence §§ 701, 702.**

**Admissibility or use in criminal trial of testimony given at preliminary proceeding by witness not available at trial. 38 ALR4th 378.**

**Admissibility of statement under Rule 803(24) of Federal Rules of Evidence, providing for admissibility of hearsay statement not covered by any specific exception but having equivalent circumstantial guaranties of trustworthiness. 36 ALR Fed. 742.**

Appeal by defendant from judgment entered 25 March 1994 by Judge Wiley F. Bowen in Lee County Superior Court. Heard in the Court of Appeals 26 September 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General Archie W. Anders, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Constance ·H. Everhart, for defendant-appellant.*

JOHNSON, Judge.

The evidence presented tends to show the following: On the morning of 27 February 1993, defendant drove Elouise Headen and Mary McLaughlin around town in his car. At some point Mary told defendant that she wanted to go home but defendant refused to take her home at that time. He stopped the car at a church. Defendant and Elouise got out of the car and walked across the road to a cemetery.

Mary got out of the car and went to a nearby house to use the phone to call her husband to come get her. Upon arriving at the house, Mary and the resident at the house, Mildred Dowdy, heard three gunshots. Ms. Dowdy called the Sheriff's Department. About 2:10 p.m., Sheriff Baker responded to a call at the "Short Stop" where he found defendant in the driver's seat and Elouise slumped over in the right front seat of defendant's car. She was moaning and hollering. Sheriff Baker was advised that Elouise had been shot. A few days later, Elouise gave a statement to two law enforcement officers stating that defendant had shot her. In telling her story in the statement, Elouise admitted to a felony of possession of cocaine and to misdemeanor larceny.

Thereafter, Elouise, in approximately three letters, stated that defendant did not commit any crime, that she wished for the charges against defendant to be dropped, and that she did not desire to testify against defendant. She also stated that when she was asked to make a statement, she was "very confused, and angry, and discussed (sic)." Elouise did not appear at defendant's trial and was found to be an unavailable witness. Defendant was convicted of assault with a deadly weapon inflicting serious injury and as a habitual felon. In the judgment entered on 25 March 1994, defendant was sentenced to life imprisonment. From this judgment, defendant appeals.

Defendant argues that the trial court erred by admitting hearsay evidence of Elouise Headen's out-of-court statement to the police under the residual hearsay exception. Defendant contends that the trial court erred for the following reasons: (1) that the trial court made an insufficient determination of unavailability; (2) that the trial court made insufficient findings under the six-step analysis required for admissibility; and (3) that the trial court impermissibly relied upon corroborating evidence not included in the circumstances surrounding the making of the statement. Hence, it is defendant's contention that he was thereby denied his federal and state constitutional rights to confrontation of witnesses, to a fair trial, and to due process of law.

[1] Defendant first contends that the trial court erred in failing to make a sufficient determination that Headen was unavailable as a witness. Prior to admitting hearsay evidence under Rule 804(b)(5) and engaging in the six-part inquiry prescribed by *State v. Smith*, 315 N.C. 76, 337 S.E.2d 833 (1985), the trial court must find that Headen is unavailable as a witness. *State v. Triplett*, 316 N.C. 1, 340 S.E.2d 736 (1986). "The degree of detail required in the finding of unavailability

will depend on the circumstances of the particular case." *Id.* at 8, 340 S.E.2d at 740.

The "catchall" provision of Rule 804(b)(5) states that if hearsay evidence is sufficiently trustworthy and sufficient notice was given to the opposing party prior to trial, then the information is admissible. Unavailability of a witness includes situations in which the declarant: "Is absent from the hearing and the proponent of his statement has been unable to procure his attendance . . . by process or other reasonable means." Rule 804(a)(5). The evidence presented in the record shows that the State had subpoenaed Ms. Headen numerous times to appear in court, but were unable to locate her. The evidence also reveals that defendant was made aware that the State was going to use Ms. Headen's statement at trial. Thus, the trial court's determination that Ms. Headen was unavailable was sufficient.

**[2]** Defendant's second contention is that the trial court did not make sufficient findings in the record to determine whether Headen's statement was admissible under the six-step analysis required for admissibility under the residual hearsay exception. Having deemed a witness unavailable under Rule 804, the trial court must then engage in the six-step inquiry. *Triplett,* 316 N.C. 1, 340 S.E.2d 736; *Smith,* 315 N.C. 76, 337 S.E.2d 833.

The trial court is required to make the following determinations: (1) that proper notice was given of the intent to offer hearsay evidence under Rules 803(24) or 804(b)(5); (2) that the hearsay evidence is not specifically covered by any of the other hearsay exceptions; (3) that the hearsay evidence possesses certain circumstantial guarantees of trustworthiness; (4) that the evidence is material to the instant action; (5) that the evidence is more probative on an issue than any other evidence procurable through reasonable efforts; and (6) that admission of the evidence will best serve the interests of justice. *Id.*

When assessing "equivalent circumstantial guarantees of trustworthiness" of hearsay evidence pursuant to the residual hearsay exception under Rule 804(b)(5), the trial court should consider the following factors:

(1) the declarant's personal knowledge of the underlying event; (2) the declarant's motivation to speak the truth; (3) whether the declarant recanted; and (4) the reason, within the meaning of Rule 804(a), for the declarant's unavailability.

*State v. Swindler*, 339 N.C. 469, 450 S.E.2d 907, 910 (1994) (*quoting State v. Nichols*, 321 N.C. 616, 624, 365 S.E.2d 561, 566 (1988)). Although hearsay evidence offered under Rule 804(b)(5) is presumptively unreliable and inadmissible, the evidence may be admitted if the evidence has been demonstrated to have "particularized guarantees of trustworthiness." *See Idaho v. Wright*, 497 U.S. 805, 817-18, 111 L. Ed. 2d 638, 653-54 (1990); *Ohio v. Roberts*, 448 U.S. 56, 66, 65 L. Ed. 2d 597, 608 (1980). A review of the statement by Ms. Headen, in light of the considerations of trustworthiness, reveals that Ms. Headen had personal knowledge of the underlying event, in that, she was personally at the scene at the time of the assault; that Ms. Headen was motivated to tell the truth at the time she was talking to the officers; and that Ms. Headen made declarations against her penal interests in her statement on which she could have been criminally charged. Although Ms. Headen later recanted her statement in three separate letters written to the defense and to the prosecution, Ms. Headen was unavailable. Our Supreme Court has stated that "if the declarant is unavailable under Rule 804(a)(2) because he '[p]ersists in refusing to testify concerning the subject matter of his statement despite a court order to do so' the court might weigh this as a factor against admitting declarant's statement." *Nichols*, 321 N.C. at 625 n. 2, 365 S.E.2d at 566-67 n. 2. A review of the evidence shows that the trial court did weigh this factor, but found that "[t]his case has duress, threats, written all over it." The evidence reveals that she only recanted after paying defendant a visit in jail.

The trial court is required to make findings of fact and conclusions of law when determining if an out-of-court hearsay statement possesses the necessary circumstantial guarantee of trustworthiness. *See State v. Deanes*, 323 N.C. 508, 515, 374 S.E.2d 249, 255 (1988), *cert denied*, 490 U.S. 1101, 104 L. Ed. 2d 1009; *Triplett*, 316 N.C. at 10-11, 340 S.E.2d at 741. In the instant action, the trial court stated that the statement was offered as evidence of a material fact; that the statement was more probative on the point for which it was offered than any other evidence the State could produce through reasonable efforts; that the interests of justice would be served by its admission; and that proper notice had been given such that defendant could prepare to meet the statement. In response to defendant's objection to the statement being untrustworthy, the trial court stated, "[t]o me— her statement is highly credible on that point . . . [w]hen you look at it, [it is] highly credible."

Although, it appears from the record that the trial court was sufficiently satisfied as to the trustworthiness of the statement, the trial court in the case *sub judice,* did not enunciate particularized findings of fact or conclusions of law regarding whether the statement had "equivalent circumstantial guarantees of trustworthiness." Defendant relies upon *State v. Swindler,* 339 N.C. 469, 450 S.E.2d 907 in support of its position. However, *Swindler's* facts are distinguishable from the instant case in that the hearsay evidence offered therein was written by the defendant's cellmate who had no personal knowledge of the events depicted in the letter. The cellmate was motivated by the opportunity to strike a deal with police, refused to acknowledge that he wrote the letter which contained many inaccuracies when questioned at trial, and the cellmate may have obtained the facts mentioned while attending the probable cause hearing when he was in court.

Notwithstanding that *Swindler* is distinguishable on its facts, our Supreme Court has repeatedly stated that findings of fact and questions of law as to the trustworthiness of the statement must appear in the record. *Swindler,* 339 N.C. 469, 450 S.E.2d 907; *Smith,* 315 N.C. 76, 337 S.E.2d 833; *Triplett,* 316 N.C. 1, 340 S.E.2d 736. The trial court made no findings of fact or conclusions of law as to the trustworthiness of the statement, and his cursory statement that her statement is "highly credible" is in reference to the number of times Elouise stated that she was shot as opposed to the number of times the doctor said she had been shot. The statement of the trial judge that her statement was "highly credible" was not in reference to the court's duty to make particularized findings of fact or conclusions of law regarding whether the statement given to the police and being offered into evidence possesses "equivalent circumstantial guarantees of trustworthiness."

Although the record contains sufficient evidence upon which the trial court could have made sufficient findings of fact and conclusions of law regarding the trustworthiness of the statement, it failed to do so. Based on the Supreme Court's holding in *Swindler,* we are, therefore, bound to award defendant a new trial.

In light of our holding, we find it unnecessary to reach defendant's remaining collateral arguments.

In conclusion, because the trial court failed to show by making the requisite findings of fact and conclusions of law that the statement had "equivalent circumstantial guarantees of trustworthiness," the verdict and judgment are vacated and remanded for new trial.

New trial.

Judges EAGLES and WYNN concur.