TYSON, Judge, dissenting.
I agree with the majority's opinion, which holds the trial court could have made additional findings of fact to show the State made a reasonable, good faith effort to procure *562 Whisman's physical presence at trial. However, the record and evidence the State presented clearly supports *143 the trial court's ultimate conclusion that Whisman was unavailable for trial.
The majority's opinion adds an unnecessary and burdensome weight upon the State. Defendant failed to show any prejudicial error. At a minimum, we should remand for further findings of fact. I respectfully dissent from the majority opinion's award of a new trial.
I. Standard of Review
While the admissibility of hearsay evidence is generally reviewed de novo, State v. McLaughlin , --- N.C.App. ----, ----, 786 S.E.2d 269, 283 (2016), as the majority notes, our Supreme Court has established a different standard when this Court is reviewing the trial court's determination of the availability of a witness for trial. State v. Fowler , 353 N.C. 599, 610, 548 S.E.2d 684, 693 (2001).
We review whether the trial court's findings of fact are supported by the evidence, and whether those findings support the court's conclusions of law. See id . ; State v. Triplett , 316 N.C. 1, 8, 340 S.E.2d 736, 740-41 (1986). A trial court's conclusions of law are reviewed de novo . State v. Simon , 185 N.C.App. 247, 250, 648 S.E.2d 853, 855 (2007).
II. Unavailability of Witness
Defendant argues the admission of Whisman's video-taped deposition violated his rights under the Confrontation Clause contained in the Sixth Amendment of the Constitution of the United States. Defendant asserts the trial court erred by finding Whisman was unavailable to testify at trial.
A. Unavailability under the Confrontation Clause
Our courts employ a three-step inquiry to determine whether a defendant's right to confront a witness has been violated: (1) whether the evidence admitted was testimonial in nature; (2) whether the trial court properly ruled the declarant was unavailable; and, (3) whether defendant had an opportunity to cross-examine the declarant. State v. Clark , 165 N.C.App. 279, 283, 598 S.E.2d 213, 217 (2004) ; see Crawford v. Washington , 541 U.S. 36, 68, 124 S.Ct. 1354, 1373, 158 L.Ed.2d 177, 203 (2004).
Defendant contends Whisman should have been produced as a witness at trial and that the trial court improperly held Whisman was unavailable. We all agree that Whisman's deposition was testimonial in nature. There is also no dispute that Defendant was present at the deposition, had the opportunity to and did, in fact, cross-examine Whisman. Steps (1) and (3) of the inquiry are satisfied. Thus, if Whisman was *144 constitutionally unavailable, her prior, preserved testimony was properly admitted. See Crawford , 541 U.S. at 68, 124 S.Ct. at 1373, 158 L.Ed.2d at 203.
The Supreme Court of the United States and our Supreme Court have "rejected the assumption that the mere absence of a witness from the jurisdiction was sufficient ground for dispensing with confrontation." State v. Nobles , 357 N.C. 433, 437-38, 584 S.E.2d 765, 770 (2003) (internal quotation marks and citation omitted); see Barber v. Page , 390 U.S. 719, 723, 88 S.Ct. 1318, 1321, 20 L.Ed.2d 255, 259 (1968).
The Supreme Court of the United States in Barber v. Page , noted:
It must be acknowledged that various courts and commentators have heretofore assumed that the mere absence of a witness from the jurisdiction was sufficient ground for dispensing with confrontation on the theory that it is impossible to compel his attendance, because the process of the trial [c]ourt is of no force without the jurisdiction, and the party desiring his testimony is therefore helpless.
Id . (footnotes, internal quotation marks, and citation omitted). The Court in Barber stated "increased cooperation between the States themselves and between the States and the Federal Government has largely deprived [that assumption] of any continuing validity in the criminal law." Id . (footnote omitted).
The Court also assigned a broader meaning of "unavailable" within the context of the confrontation requirement and declared:
In short, a witness is not "unavailable" for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial *563 authorities have made a good-faith effort to obtain his presence at trial.
Id . at 724-25, 88 S.Ct. at 1322, 20 L.Ed.2d at 260.
The Supreme Court also rejected the argument that just "because the State would have had to request an exercise of discretion on the part of federal authorities, it was under no obligation to make any such request," and stated "the possibility of a refusal is not the equivalent of asking and receiving a rebuff." Id . at 724, 88 S.Ct. at 1322, 20 L.Ed.2d at 260.
Following this line of reasoning, our Supreme Court has held:
If there is a possibility, albeit remote, that affirmative measures might produce the declarant, the obligation of good faith may demand their effectuation. The lengths to which *145 the prosecution must go to produce a witness ... is a question of reasonableness. The prosecution need not exhaust every possible alternative for producing a witness . Nonetheless, to demonstrate constitutional unavailability, the state's good-faith efforts must include, at a minimum, an attempt to contact the witness and request his or her presence at the proceeding.
Nobles , 357 N.C. at 438, 584 S.E.2d at 770 (emphasis original and supplied) (internal quotation marks and citations omitted). The State must demonstrate it "attempted in good faith to contact the potential witness, that it attempted in good faith to inquire into her willingness and availability to testify, and that it presented the results of this inquiry to the trial court." Nobles , 357 N.C. at 441, 584 S.E.2d at 772. As the trial court properly concluded, the State met that burden here.
B. Unavailability under Rule 804
This Court recently held:
While it is well-established that there is "wisdom" to the hearsay exceptions, it is similarly settled that, while the Confrontation Clause and rules of hearsay may protect similar values, it would be an erroneous simplification to conclude that the Confrontation Clause is merely a codification of hearsay rules. Evidence admitted under an exception to the hearsay rule may still violate the Confrontation Clause.
At the same time, the U.S. Supreme Court in Crawford did acknowledge that the Confrontation Clause ... does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted. In doing so, Crawford recognized that most of the exceptions to the hearsay rule cover statements that by their nature are not testimonial and, therefore, do not present a Confrontation Clause problem.
McLaughlin , --- N.C.App. at ----, 786 S.E.2d at 276-77 (brackets, internal quotation marks and citations omitted).
Under Rule 804, "unavailability as a witness" includes situations where the declarant "[i]s absent from the hearing and the proponent of his statement has been unable to procure his attendance ... by process or other reasonable means." N.C. Gen. Stat. § 8C-1, Rule 804(a)(5) (2015).
*146 Prior to allowing testimonial evidence to be presented under Rule 804(b), the trial court, as it properly did here, must find the declarant is unavailable. Triplett , 316 N.C. at 8, 340 S.E.2d at 740 ; see Clark , 165 N.C.App. at 286, 598 S.E.2d at 218 ("The trial court must receive substantial supporting evidence before making a finding of unavailability."). "The proponent of the statement bears the burden of satisfying the requirements of unavailability under Rule 804(a)." Nobles , 357 N.C. at 440, 584 S.E.2d at 771.
Our Supreme Court has held:
The degree of detail required in the finding of unavailability will depend on the circumstances of the particular case. For example, in the present case, the declarant is dead. The trial judge's determination of unavailability in such cases must be supported by a finding that the declarant is dead, which finding in turn must be supported by evidence of death. See, e.g ., United States v. Sindona , 636 F.2d 792, 804 (2d Cir. 1980). Situations involving out-of-state or ill declarants or declarants invoking their fifth amendment right against self-incrimination may require a greater degree of detail in the findings of fact. See, e.g ., Parrott v. Wilson , 707 F.2d 1262 (11th Cir.)
*564 , cert. denied , 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983) (duration of illness was found to be long enough that trial could not be postponed).
See Triplett , 316 N.C. at 8, 340 S.E.2d at 741-42.
For example, under Rule 804(a)(5) and under the Confrontation Clause, our Supreme Court has held a witness may be deemed unavailable if: (1) the witness moves abroad and refuses to return to the United States; (2) the State cannot find the witness despite making a reasonable or good-faith effort to do so; or, (3) if the witness refuses to respond to the State's efforts to contact her. See e.g. , Fowler , 353 N.C. 599, 610, 548 S.E.2d 684, 693 ; State v. Bowie , 340 N.C. 199, 207, 456 S.E.2d 771, 775 (1995) ; Clark , 165 N.C.App. at 285, 598 S.E.2d at 218-19 ; State v. Grier , 314 N.C. 59, 68, 331 S.E.2d 669, 675 (1985).
C. Whisman's Unavailability
The trial court made the following ruling regarding Whisman's unavailability:
That the matter came up on motion of the State to use [ Rule 804 ] testimony in the form of a video ... of an indispensable witness who's in the military. The Court *147 heard argument of both sides regarding the availability or unavailability of said witness. The Court finds the witness is in the military and is stationed outside of the State of North Carolina currently. May be in Australia or whereabouts may be unknown as far as where she's stationed. That the State duly and properly followed the procedure to preserve that witness's testimony. That prior to trial her testimony was taken pursuant to an order of the Court and preserved in a form that allowed cross-examination as the defendant and the defendant's counsel were present as was the prosecution....
Again, the Court heard arguments and determines that ... Whisman is unavailable within the definition of the rule, and, therefore, the Court intends to allow introduction of the video if the formalities and the proper foundation are laid of this witness's testimony, she being unavailable for this trial.
Post hoc review, the trial court could have included further findings of fact regarding whether the State made "good faith efforts" or used "other reasonable means" to procure Whisman's physical attendance at trial. See N.C. Gen. Stat. § 8C-1, Rule 804(a)(5) ; Nobles , 357 N.C. at 440, 584 S.E.2d at 771.
However, after reviewing the State's motions, the transcript, and the evidence presented, the record clearly demonstrates the State made reasonable, good faith efforts to procure Whisman's physical presence at trial to affirm the trial court's conclusion that Whisman was unavailable.
All parties knew Whisman was serving on active duty and subject to repeated deployments, including to being sent outside of the country, between February 2015 and December 2015. In March 2015, prior to Whisman's deployment outside the United States, the State subpoenaed Whisman, brought her to North Carolina from California, and deposed and recorded her testimony on video. Defendant's counsel was noticed and present for the deposition, and was given the unlimited opportunity to cross-examine Whisman.
The evidence presented to the trial court demonstrates the State filed "notice of intention to admit prior testimony" on 22 May 2015 because "the State anticipate[d] Ms. Whisman being 'unavailable' for trial." The State also filed a motion in limine at the start of the trial on 15 June 2015, which requested the trial court to allow Whisman's deposition to be entered into evidence and presented at trial in lieu of her in-person testimony.
*148 The State's motion in limine asserted:
9) Pursuant to Ms. Whisman's obligations in service to our nation, she is currently assigned to provide naval support to a United States Marine Corps mission. See Exhibit A for a copy of Ms. Whisman's military orders.
10) Since April 2015, Ms. Whisman has been deployed out of the country, and she is not scheduled to return until December 2015.
11) Due to the potential threat to national security associated with revealing such information, the United States Navy, in communications *565 with the undersigned Assistant District Attorney (see Exhibit B ) has indicated that it will not disclose Ms. Whisman's whereabouts.
12) The undersigned Assistant District Attorney was provided with a mailing address to send a subpoena to Ms. Whisman, which was sent via registered mail (see Exhibit C ).
The attached exhibits included two letters received from the United States Marine Corps dated 18 February 2015 and 20 May 2015. The 18 February 2015 letter confirmed Whisman's deployment between February 2015 to approximately December 2015. The 20 May 2015 letter confirmed Whisman was deployed overseas and noted "[d]ue to the potential threat of national security, I am unable to provide you with detailed information such as location, dates, and purpose."
The State received this letter prior to filing its notice of intention to admit prior testimony. A copy of the subpoena signed on 28 May 2015 by the Assistant District Attorney, along with a certified mail receipt and the USPS tracking information, were also attached as Exhibit C. The subpoena has a delivery address for a U.S. Marine Corps Base in Australia. The subpoena was mailed on 1 June 2015, more than two weeks prior to the scheduled trial.
Generally, a witness, as opposed to a party, who is located outside of the state and particularly outside of the United States, is beyond the jurisdiction of the state and cannot be compelled to return to North Carolina by subpoena, whether served or not. As an active duty member of the armed services, Whisman could not return to North Carolina on her own choice or volition on any given date, whether she had been physically served with a subpoena, without the express permission by and her release from duty by her commanding officer.
*149 Whisman's undisputed overseas deployment and the U.S. Marine Corps' refusal to disclose her exact whereabouts on national security grounds are strong indications of her unavailability as a witness in North Carolina to support the trial court's conclusion of unavailability under Rule 804. Moreover, the record demonstrates the State, in good faith, contacted the U.S. Marine Corps to confirm Whisman's deployment well prior to trial to seek her presence and received the 20 May 2015 letter in response. The State was provided an alternative address and sent the subpoena to Whisman on 1 June 2015. Only after the State received the 20 May 2015 letter regarding Whisman's overseas deployment and unknown whereabouts did the State file the notice of intention with the court to use the video-taped deposition. Based upon the record before us, the trial court properly concluded Whisman was physically unavailable as a witness at trial and correctly admitted her prior, preserved testimony to the jury at trial. See N.C. Gen. Stat. § 8C-1, Rule 804(a)(5) ; Nobles , 357 N.C. at 440, 584 S.E.2d at 771.
III. Conclusion
The State made good faith efforts to procure Whisman at trial and the possibility of refusal of the military to comply did not relieve the State's duty to make such an effort. See Barber , 390 U.S. at 724-25, 88 S.Ct. at 1322, 20 L.Ed.2d at 260. Post hoc , while the trial court could have made additional findings, the undisputed evidence in the record supports the trial court's ultimate conclusion that Whisman was unavailable.
The State made reasonable and good faith efforts to procure Whisman's physical presence at trial. The State contacted the U.S. Marine Corps well in advance of trial to inquire about Whisman's whereabouts and received the 20 May 2015 letter in response. The letter confirmed Whisman was deployed overseas until approximately December 2015 and, due to national security, the U.S. Marine Corps was unable to provide the State with her exact location. The State also produced evidence demonstrating it sent Whisman a subpoena to the overseas address provided to the State.
The trial court properly found Whisman was unavailable as a witness at trial. After unlimited opportunity to cross-examine Whisman when she was present in North Carolina by the efforts of the State, Defendant has failed to show any prejudicial error.
In the alternative, the trial court's failure make further findings of fact on the extent of *566 the State's efforts to procure Whisman's physical presence at trial does not per se mandate a new trial. As an appellate court, we are "to determine whether the prosecution met its burden of *150 establishing that the witness was constitutionally unavailable to testify." Clark , 165 N.C.App. at 285, 598 S.E.2d at 218.
If, after our appellate review of the evidence and findings by the trial court on the record, this Court is unable to review the merits of Defendant's claim, the proper action is to remand this case to the trial court to make the further findings of fact, and not set aside the jury's verdict and award a new trial. I respectfully dissent.