STATE OF NORTH CAROLINA v. ALEXANDER McLAUGHLIN

No. 240A85

(Filed 5 March 1986)

**Criminal Law § 73.2— accomplice's confession—admission error**

An accomplice's confession did not contain "equivalent circumstantial guarantees of trustworthiness" pursuant to N.C.G.S. § 8C-1, Rule 804(b)(5) and the trial court erred in admitting the statement where the statement was not made under oath or a threat of perjury; defendant did not have the opportunity to cross-examine the accomplice as to the veracity of the statement; the accomplice made the statement to gain favor with the police and in hopes of a favorable plea bargain; and the accomplice later recanted, claiming that the police drafted the statement and that he signed it under coercion by his attorney.

APPEAL by the defendant from the order of *Johnson, J.*, entered 14 December 1984, in the Superior Court, CUMBERLAND County.

The defendant was convicted of first degree burglary, felonious larceny, two counts of first degree rape, two counts of first degree rape by aiding and abetting, first degree kidnapping, felonious breaking or entering a motor vehicle, felonious larceny, and common law robbery. He received three life sentences and additional sentences totaling sixty years to run consecutively. The defendant appealed the rape and burglary convictions and result-

ing life sentences to the Supreme Court as a matter of right under N.C.G.S. § 7A-27(a). On 29 April 1985, the Supreme Court allowed the defendant's motion to bypass the Court of Appeals on his appeal in the breaking or entering, kidnapping, and robbery cases. Heard in the Supreme Court on 20 November 1985.

*Lacy H. Thornburg, Attorney General, by David R. Minges, Assistant Attorney General, for the State.*

*Ferguson, Watt, Wallas & Adkins, P.A., by James E. Ferguson II, for the defendant appellant.*

MITCHELL, Justice.

The defendant brings forward assignments of error in which he contends that the trial court erred in admitting an accomplice's confession under the North Carolina Rules of Evidence, N.C.G.S. § 8C-1, Rule 804(b)(5) (Cum. Supp. 1985), and that the trial court erred in refusing to give the defendant's requested special instruction regarding the accomplice's confession. We conclude that the trial court erred in admitting the accomplice's confession under Rule 804(b)(5), thereby entitling the defendant to a new trial.

The State presented evidence which tended to show that on 21 December 1983, the victim, a sixty-nine-year-old widow, was asleep in her home and was awakened from her sleep by two unidentified masked men. The masked assailants tied her to her bed and each raped her twice. Two televisions, two raincoats, some jewelry and some other items were taken.

The victim was unable to identify either of her assailants because both were wearing ski masks over their faces. The only characteristics she remembered were that one man had a high pitched voice with a Mexican accent and wore tight fitting athletic clothes, while the other wore a loose jacket and was a little shorter and stockier by comparison.

On 30 March 1984, Larry McLaughlin, the defendant's cousin, went to the police claiming to have information about the crime. Under a grant of immunity, Larry McLaughlin stated that Quincy Corbett and Alexander McLaughlin, the defendant-appellant in the present case, had appeared at his home on 22 December 1983 and had asked him to get rid of some stolen goods. Larry Mc-

Laughlin stated that certain goods he sold to Robert McCrae, a purchaser of stolen goods, were the same goods as those stolen from the victim's home. He also stated that the defendant, Alexander McLaughlin, recounted the crimes that occurred on the previous night.

Larry McLaughlin made two different statements to the police about the sale of the stolen goods. In the first statement, he said that the defendant, Alexander McLaughlin, had accompanied him on two separate visits to McCrae's house. However, in a second statement made only four days before trial, he changed his story and said that the defendant had *not* accompanied him on the second visit to McCrae's house. He gave this second version of the story in his trial testimony. Larry McLaughlin's statements to the police led to the arrests of the defendant and Quincy Corbett.

On 11 April 1984, Quincy Corbett made a statement to the police implicating himself and the defendant. In August 1984, Corbett entered into a plea arrangement with the State, whereby he agreed to plead guilty to the charges and testify against the defendant in exchange for a lighter sentence recommendation.

During the course of the trial, Quincy Corbett stated that he would not testify for the State. The State filed written notice with the court and the defendant of its intention to introduce Corbett's statement under Rule 804(b)(5) of the North Carolina Rules of Evidence. During the *voir dire* hearing, Corbett stated that the police had drafted the statement, that he signed it only under the coercion of his attorney, and that he did not adopt the contents of the statement. The trial court found pursuant to Rule 804 that Corbett was unavailable as a witness due to his refusal to testify concerning the subject matter of his statement and due to a lack of memory of the subject matter of the statement.

The defendant presented evidence tending to show that he had been out with friends on the night of the crime. After leaving his friends, he returned home and remained there.

The defendant first assigns as error the trial court's action in admitting Quincy Corbett's confession under Rule 804(b)(5) of the North Carolina Rules of Evidence. The defendant contends that the statement was not admissible under any of the specific hearsay exceptions of Rule 804(b) and did not have "equivalent cir-

cumstantial guarantees of trustworthiness" and the interests of justice and the general purposes of the hearsay rules would not be served by its admission. The defendant further contends that even if the accomplice's confession was properly admissible under Rule 804(b)(5), its admission violated the right to confrontation guaranteed by the Sixth Amendment to the Constitution of the United States.

We conclude that the accomplice's confession to the police lacked "equivalent circumstantial guarantees of trustworthiness," and we restrict our consideration to this issue. Rule 804(b)(5) provides in pertinent part:

> (b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> . . . .
>
> (5) Other Exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it gives written notice stating his intention to offer the statement and the particulars of it, including the name and address of the declarant, to the adverse party sufficiently in advance of offering the statement to provide the adverse party with a fair opportunity to prepare to meet the statement.

N.C.G.S. § 8C-1, Rule 804(b)(5) (Cum. Supp. 1985). Rule 804(b)(5) of the Federal Rules of Evidence is identical to its North Carolina counterpart except the Federal Rule does not require written notice. *State v. Triplett*, 316 N.C. 1, 340 S.E. 2d 736 (1986). Therefore, the federal cases are helpful as guidelines in determining whether an accomplice's confession possessed "equivalent circumstantial guarantees of trustworthiness "

To be admissible under the residual exception to the hearsay rule, the hearsay statement must possess "guarantees of trustworthiness" that are equivalent to the other exceptions contained in Rule 804(b). *United States v. Bailey*, 581 F. 2d 341 (3d Cir. 1978). The hearsay exceptions of Rule 804(b) include former testimony, dying declarations, statements made against interest, and personal or family history statements.

> Each of these kinds of statements is admissible, through hearsay, because the circumstances in which the statements are made are indicative of a strong propensity for truthfulness (dying declarations), because there has been a previous opportunity for cross-examination (former testimony), or because the contents of the statements themselves are of such a nature that one reasonably would conclude that the speaker was telling the truth (statements against interest, statements of family history).

*United States v. Bailey*, 581 F. 2d 341, 348-49 (3d Cir. 1978).

In determining whether a hearsay statement possesses "equivalent circumstantial guarantees of trustworthiness," the trial court should consider *inter alia*: (1) the declarant's relationship with both the defendant and the government; (2) the declarant's motivation; (3) the extent of the declarant's personal knowledge; (4) whether the declarant ever recanted the statement, and (5) the practical availability of the declarant at trial for cross-examination. *State v. Triplett*, 316 N.C. 1, 340 S.E. 2d 736 (1986). This list is not all inclusive and other factors may be considered when appropriate. *Cf. United States v. Barlow*, 683 F. 2d 954, 962 (6th Cir. 1982) (existence of corroborating evidence); *United States v. Bailey*, 581 F. 2d 341, 349 (3d Cir. 1978) (circumstances surrounding statement, contents of statement, and defendant's propensity for truthfulness); *United States v. West*, 574 F. 2d 1131 (4th Cir. 1978) (declarant under police surveillance and police records corroborated statement); *United States v. Carlson*, 547 F. 2d 1346, 1354 (9th Cir. 1976) (statement made under oath and with a threat of perjury).

The record before us shows that the statement made by Quincy Corbett, the defendant's accomplice, was not made under oath or under a threat of perjury. The defendant did not have the opportunity to cross-examine Corbett as to the veracity of the

statement. Corbett made the statement to gain favor with the police and in hopes of a favorable plea bargain. The trustworthiness of the statement is further questioned by the fact that Corbett later recanted, claiming that the police drafted the statement and that he signed it under coercion by his attorney.

Although the testimony of the defendant's cousin, Larry McLaughlin, and the victim tended to corroborate Corbett's confession, the analysis required under Rule 804(b)(5) may not focus solely on the existence of corroboration. The totality of the circumstances surrounding Corbett's confession justifies our conclusion that it lacked the required "equivalent circumstantial guarantees of trustworthiness" and was improperly admitted under the residual exception of Rule 804(b)(5).

The defendant's remaining contentions dealing with the alleged violation of the Sixth Amendment and the trial court's failure to give a requested instruction regarding Corbett's statement need not be addressed as they will not arise at the defendant's new trial.

New trial.