STATE OF NORTH CAROLINA v. WILLIAM HENRY BULLOCK

No. 8818SC1222

(Filed 19 September 1989)

1. **Criminal Law § 73.1— hearsay evidence—notice to defendant of State's intent to introduce—defendant not prejudiced**

   There was no merit to defendant's contention that he received inadequate notice of the State's intention to offer hear-

STATE v. BULLOCK

[95 N.C. App. 524 (1989)]

say evidence, since the prosecutor notified defendant on the second day of trial during the morning recess of his intention to offer the hearsay evidence; following the recess the State moved the court to allow the evidence, and the motion was granted following a voir dire; almost two months before trial, in compliance with a request for discovery, the State disclosed the substance of the statements to defendant; defendant conceded that he knew the State intended to call the particular witness involved and knew the expected content of his testimony; and defendant was neither surprised by the hearsay statements nor deprived of a fair opportunity to meet them. N.C.G.S. § 8C-1, Rule 804(b)(5).

2. **Criminal Law § 73.1— hearsay evidence — witness unavailable — trustworthiness of statements**

There was no merit to defendant's suggestion that the trial court did not consider the reason for a witness's unavailability to be a factor bearing on the trustworthiness of his statements or that the trial court failed to accord this factor sufficient weight.

3. **Criminal Law § 34.5— evidence of defendant's guilt of other offense — admissibility to show identity and common plan or scheme**

In a prosecution of defendant for felonious larceny of a dump truck and garden tractors with mower attachments, the trial court did not err in admitting evidence that defendant had stolen riding lawn mowers from a farm implement dealer in another county, since the evidence was admissible to prove the identity of defendant and to show a common plan or scheme. N.C.G.S. § 8C-1, Rule 404(b).

Judge BECTON concurring in the result.

APPEAL by defendant from Judgment of *Judge Preston Cornelius* entered 8 June 1988 in GUILFORD County Superior Court. Heard in the Court of Appeals 22 August 1989.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Debra C. Graves, for the State.*

*Paul L. Biggs for defendant-appellant.*

COZORT, Judge.

Defendant was convicted of two counts of felonious larceny and sentenced to ten years in prison. On appeal the defendant contends primarily that the trial court erred on two evidentiary questions. First, he argues that the court admitted hearsay evidence, the statements of a State's witness who refused to comply with a subpoena, in violation of N.C. Gen. Stat. § 8C-1, Rule 804(b)(5). Secondly, he maintains that the court admitted evidence of "other crimes, wrongs, or acts" in violation of N.C. Gen. Stat. § 8C-1, Rule 404(b). We find no error.

The State offered evidence tending to show that on 26 May 1986 Hodgin Construction Company (Hodgin) in Greensboro reported the theft of a 1982 Ford dump truck. On the same day, Brockman Ford Tractor Sales (Brockman), also of Greensboro, reported that two garden tractors with mower attachments had been stolen from its inventory.

The defendant stored and repaired vehicles on land in Spartanburg County, South Carolina, owned by Doug Ingle. On that property officers of the Spartanburg County Sheriff's Department discovered the dump truck stolen from Hodgin. Near the dump truck was a trailer in which, according to Ingle's testimony, the defendant occasionally slept. A search of the trailer disclosed, among other items, photographs "taken from inside the trailer" depicting the defendant and his wife, a garden tractor key, and a booklet describing the type of garden tractors stolen from Brockman. After searching the vehicles on Ingle's property, police detectives searched the defendant's home near Chesnee, South Carolina. In a trash can in the back yard, they discovered a key chain tag bearing the inscription "Brockman Ford Tractor Sales . . . Greensboro, North Carolina." In the trunk of a Chevrolet Caprice, sold to the defendant on 27 May 1986 and parked by his house on the day of the search, the detectives discovered a pouch stamped with the name and address of Hodgin Construction Company and the vehicle identification number of the stolen truck. The pouch contained a registration card, inspection receipt, and other papers pertaining to the stolen truck.

In June 1986, the defendant offered to sell Joe Eubanks a garden tractor, and one was delivered to his garage in Spartanburg. Joe Eubanks also acted as intermediary in the defendant's sale of another tractor to Eubanks' brother Larry. The defendant brought

the second tractor to Joe Eubanks, who briefly inspected it and directed the defendant to deliver it to Larry Eubanks in Winston-Salem, North Carolina. Larry Eubanks subsequently relinquished this tractor to the Greensboro Police Department. The tractor's front axle was bent. This same tractor was subsequently identified by Brockman's employees as one of the two stolen from their lot.

Over defendant's objection the trial court permitted the State to put in evidence statements made by Dennis Sexton on 2 February 1987 and 11 April 1988 to Detective J. F. Whitt. These statements, differing slightly in detail, averred that in the early summer of 1986 the defendant had twice brought garden tractors to Joe Eubanks' garage; that on the second occasion, while the defendant was unloading two tractors from a dump truck, he dropped one, bending the front axle; and that the defendant had "attempted to straighten it using some tools at Mr. Eubanks' garage."

Over the defendant's objection the trial court permitted Officers W. L. Roe and Richard Johnson of the Wake County Sheriff's Department to testify that on 15 October 1986 they detained the defendant to investigate a U-Haul truck he was driving. They determined that he had rented the truck under a false name and with a false driver's license. Searching the truck with defendant's consent, they discovered "three fairly large John Deere riding lawn mowers," which were identified as having been stolen from a farm implement dealer the previous night. Officer Johnson testified further that the defendant fled from the truck on foot and, based on this episode, subsequently pled guilty to breaking and entering and larceny.

The defendant offered no evidence.

The defendant raises two issues regarding Dennis Sexton's hearsay statements to Officer J. F. Whitt. First, the defendant contends that he received inadequate notice of the State's intention to offer the hearsay evidence. Second, he appears to challenge the circumstantial guarantees of trustworthiness attributable to Sexton's statements. Specifically, the defendant contends that the reason for Sexton's unavailability at trial, his willful disobedience of a subpoena, indicated that his statements were unreliable and should not be admitted.

N.C. Gen. Stat. § 8C-1, Rule 804(b)(5) provides that, if the declarant is unavailable as a witness, the following is admissible:

STATE v. BULLOCK

[95 N.C. App. 524 (1989)]

A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it gives written notice stating his intention to offer the statement and the particulars of it, including the name and address of the declarant, to the adverse party sufficiently in advance of offering the statement to provide the adverse party with a fair opportunity to prepare to meet the statement.

The notice requirement of Rule 804(b)(5) does not mandate a fixed period of time and "most courts have interpreted the notice requirement somewhat flexibly, in light of the express policy of providing a party with a fair opportunity to meet the proffered evidence." *State v. Triplett*, 316 N.C. 1, 12-13, 340 S.E.2d 736, 743 (1986).

[1] In the case below, on the second day of trial, during the morning recess, the prosecutor notified the defendant of his intention to offer hearsay evidence. Following the recess, the State moved the court to allow Sexton's hearsay statements to J. F. Whitt pursuant to Rule 804(b)(5). Voir dire testimony from various witnesses indicated that Sexton had been served with a subpoena, that he intended to ignore it, that a South Carolina court had ordered Sexton's arrest to assist the trial court, and that he could not be located by police officers. The trial court then granted the State's motion.

The State acknowledged that formal notice to the defendant was quite short. The State contended, however, that on 11 April 1988, almost two months before trial, in compliance with a request for discovery, it disclosed the substance of Sexton's statements. The trial court found as fact that the defendant "had the essence of [these] statement[s] pursuant to discovery several weeks in advance of trial." Moreover, the defendant conceded that he knew the State intended to call Sexton as a witness and, in general, the expected content of his testimony. Given this record, the defendant was neither surprised by the hearsay statements, nor deprived of a fair opportunity to meet them.

## STATE v. BULLOCK

[95 N.C. App. 524 (1989)]

[2] Regarding the trustworthiness of Sexton's hearsay statements, defendant contends that "Dennis Sexton was under court order to appear and testify and the fact that he refused should have been weighed by the trial court against admitting his statement[s]." Defendant seems to imply either that the trial court did not consider the reason for Sexton's unavailability to be a factor bearing on the trustworthiness of his statements, or that the trial court failed to accord this factor sufficient weight.

To qualify for admission under Rule 804(b)(5), a "hearsay statement must possess 'guarantees of trustworthiness' that are equivalent to the other exceptions contained in Rule 804(b)." *State v. McLaughlin*, 316 N.C. 175, 179, 340 S.E.2d 102, 104 (1986). In determining that a hearsay statement has sufficient indicia of trustworthiness, a trial court should consider, among other factors, "(1) the declarant's personal knowledge of the underlying event; (2) the declarant's motivation to speak the truth; (3) whether the declarant recanted; and (4) the reason, within the meaning of Rule 804(a), for the declarant's unavailability." *State v. Nichols*, 321 N.C. 616, 624, 365 S.E.2d 561, 566 (1988). In *Nichols* the court noted further that "if the declarant is unavailable under Rule 804(a)(2) because he '[p]ersists in refusing to testify concerning the subject matter of his statement despite a court order to do so' the court *might* weigh this as a factor against admitting declarant's statement." *Nichols*, 321 N.C. at 625 n.2, 365 S.E.2d at 567 (emphasis added).

In the present case, after voir dire testimony and arguments from counsel, the trial court found that

> Dennis Sexton was subpoenaed . . . that he failed to appear . . . that officers of the Spartanburg County Sheriff's Department made numerous attempts to locate Mr. Sexton . . . that Dennis Sexton is a material witness in the case . . . [t]hat [his] statements relate to the conduct of the defendant . . . that these statements are similar, even though a period of almost a year . . . elapsed [between them]; that the statements are further corroborated by testimony of [Joe] Eubanks . . . that there is [sic] physical evidence and statements by other individuals who were present that could corroborate certain aspects of Mr. Dennis Sexton's statement, and that there is a circumstantial guarantee of trustworthiness.

In reaching the last conclusion, the trial court clearly took into account the reason for the declarant's unavailability. We find no error in admitting the statement.

[3]   The defendant next contends that the trial court violated Rule 404(b) by admitting evidence that he stole riding lawn mowers from a farm implement dealer in Wake County. In his brief defendant relies on *State v. McClain*, 240 N.C. 171, 81 S.E.2d 364 (1954), and *State v. Streath*, 73 N.C. App. 546, 327 S.E.2d 240, *disc. rev. denied*, 313 N.C. 513, 329 S.E.2d 402 (1985).

Rule 404(b) provides that

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

In *State v. McClain* our Supreme Court held that "in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense." 240 N.C. at 173, 81 S.E.2d at 365. Among other exceptions to that rule, *McClain* recognized that

[w]here the accused is not definitely identified as the perpetrator of the crime charged and the circumstances tend to show that the crime charged and another offense were committed by the same person, evidence that the accused committed the other offense is admissible to identify him as the perpetrator of the crime charged. *Id.* at 175, 81 S.E.2d at 366.

The defendant argues on appeal that the identity exception does not apply. To support the proposition that evidence of other crimes is permissible only as rebuttal evidence, he emphasizes the following statement by this Court in *Streath*: "[U]nless the defendant presents alibi evidence, evidence of other crimes to show identity, either directly or indirectly (common plan), should not be admitted under *McClain*." *State v. Streath*, 73 N.C. App. 546, 550, 327 S.E.2d 240, 242, *disc. rev. denied*, 313 N.C. 513, 329 S.E.2d 402 (1985).

Defendant has failed to read *Streath* in its entirety and has overlooked the significance of his not guilty plea. His "plea of not guilty put in issue every material element of the State's charges

against him." *State v. Perry*, 275 N.C. 565, 570, 169 S.E.2d 839, 842 (1969). His identity was in issue. Thus, evidence of other crimes may properly be admitted even if the defendant, as here, presents no evidence. *Streath*, 73 N.C. App. at 550, 327 S.E.2d at 243. We do not disagree with the *Streath* court's opinion that the "liberal application of the *McClain* exceptions tends to undermine the policy and usefulness of the general rule and cast a heavy burden on the defense." *Id*. Nevertheless, the State may properly present "evidence of other misconduct in its case in chief if it fit[s] the *McClain* exceptions." *Id*. at 551, 327 S.E.2d at 243.

Under the *McClain* exceptions, evidence of other crimes is also admissible

> when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission. Evidence of other crimes receivable under this exception is ordinarily admissible under the other exceptions which sanction the use of such evidence to show criminal intent, guilty knowledge, or identity.

*McClain*, 240 N.C. at 176, 81 S.E.2d at 367 (citations omitted). As the court in *Streath* observed, "the practical difference between the identity and common plan exceptions is small, such that they are frequently used almost interchangeably." *Streath*, 73 N.C. App. at 549, 327 S.E.2d at 242.

In its motion to present the evidence in question, the State noted that both offenses involved the theft of new riding lawn mowers from dealers, the use of a truck obtained by illegal means, and a truck capable of concealing the lawn mowers while they were being transported. The State alleged that the similarities between the offenses made "evidence of the second offense relevant to show the identity of the perpetrator of the first offense . . . ." The trial court appropriately charged the jury that in regard to the

> offense that occurred in Wake County . . . evidence was received solely for the purpose of showing the identity of the person who committed the crime charged in this case, if it was, in fact, committed, or, that there existed in the mind of the defendant a plan or scheme or system or design involving the crime charged in this case.

We conclude that evidence of the offense in Wake County was admissible both to show identity and under the common plan exception. Defendant's remaining assignments of error have been examined and found to be without merit.

No error.

Judge ARNOLD concurs.

Judge BECTON concurs in the result.

Judge BECTON concurring in the result.

Absent special circumstances, notice *during trial* of the intent to offer hearsay evidence pursuant to Rule 804(b)(5) should generally be deemed insufficient to provide the adverse party with a fair opportunity to defend against the statement. Special circumstances exist in this case. The trial court found that "Dennis Sexton was subpoenaed . . . that he failed to appear . . . that officers of the Spartanburg County Sheriff's Department made numerous attempts to locate Mr. Sexton . . . . [and that the defendant] had the essence of [the hearsay statements] pursuant to discovery several weeks in advance of trial." Further, defendant conceded that he knew the State intended to call Sexton as a witness. More importantly, the other evidence in this case—both direct and corroborative—was so strong that any error in the admission of the challenged evidence was harmless. I, therefore, concur in the result.