EDWIN BROWIN GLYMPH v. CATHERINE DeCENZO GLYMPH

No. 6914DC165

(Filed 2 April 1969)

1. Evidence § 22— evidence at former trial

In an action for absolute divorce on the ground of separation for more than one year, the trial court properly refused to permit defendant to introduce the transcript of testimony in a divorce action instituted by plaintiff against defendant in another state where defendant failed to show that the witnesses who provided the testimony are not present in this State and are unavailable to testify in this action, and the only explanation of defendant's absence from the present trial is an unverified motion for continuance made by her attorney stating that she is undergoing medical treatment.

2. Divorce and Alimony § 13— separation for statutory period — sufficiency of evidence

The evidence *is held* sufficient to be submitted to the jury in this action for absolute divorce on the ground of separation for more than one year.

APPEAL by defendant from *Lee, J.,* at the October 1968 Civil Session of DURHAM District Court.

This is an action for absolute divorce on ground of separation for more than one year. In his complaint, filed 21 June 1967, plaintiff alleged his residency in Durham County, North Carolina, for more than six months next preceding the commencement of the action, marriage of the parties in California on 29 December 1962, separation of the parties on 15 April 1964 with intent to live permanently separate and apart, and the fact no children were born to the marriage.

Defendant was personally served with process and filed answer, further answer and cross-action in which she admitted the marriage but further alleged that the separation was brought about by ex-

treme cruelty on the part of plaintiff and that plaintiff willfully and without just cause abandoned the defendant on or about 14 December 1964. Inasmuch as defendant submitted to judgment of voluntary nonsuit of her cross-action, it is not necessary to state its allegations.

When the case came on for trial, defendant's counsel made a motion for continuance on the ground that defendant was physically unable to attend the trial, but the trial judge overruled the motion. The usual issues of marriage, residence, and separation were submitted to the jury and answered in favor of plaintiff. From judgment on the verdict granting plaintiff an absolute divorce, defendant appealed.

*Norman E. Williams for plaintiff appellee.*

*John C. Randall for defendant appellant.*

BRITT, J.

[1] Defendant's first assignment of error relates to the refusal of the trial court to permit defendant to introduce in evidence the transcript of testimony in an action for divorce instituted by plaintiff against defendant in the Superior Court of Tulare County, California, and heard in said court on 24 May 1965.

Several reasons can be given as to why the transcript was inadmissible, but we will discuss only one. The record discloses that after plaintiff rested his case and the court inquired if there was any evidence for the defendant, defendant's counsel stated that he desired to introduce the authenticated judgment entered by the California court. The trial court admitted the judgment in evidence and allowed defendant's counsel to read the judgment to the jury. Defendant's counsel then stated: "I would like to offer the Court transcript from the State of California." Plaintiff's counsel objected and the trial court sustained the objection. Defendant's counsel laid no foundation whatsoever for the introduction of the California transcript which included testimony of plaintiff, defendant and three witnesses, together with various exhibits. In his brief, defendant's counsel quotes from section 145 of Stansbury, N.C. Evidence 2d, which sets forth the requirements of admitting testimony given at a former trial. The section prescribes the conditions that must exist for such testimony to be admissible, including the following: "If the witness has since died, or become incapacitated by insanity or illness, or has removed from the jurisdiction or has otherwise become

GLYMPH *v.* GLYMPH

unavailable to testify as a witness at the present trial. [References to footnotes and citations omitted.]"

In *Smith v. Moore,* 149 N.C. 185, 62 S.E. 892, in addressing itself to the question of admitting a record of testimony given at a former trial, the court said:

"The admissibility of such evidence constitutes an exception to the general rule of exclusion of hearsay evidence, and rests upon a kind of legal necessity springing from an apparent impossibility or impracticability of procuring the testimony of the person from whom the information emanates. It is, therefore, incumbent upon the party offering such testimony to show affirmatively the evidence of all facts necessary to the bringing of the secondary evidence clearly within the exception, and, unless this is done, the evidence should be excluded."

Defendant's counsel failed to carry the burden of showing that the transcript of testimony from the California court was admissible. He attempted to introduce all of the testimony included in the transcript and, even though the court might speculate that the witnesses who provided the testimony were not present in this State, there was no showing by defendant that this was true. Defendant did not appear at the trial of the present action, and the only information in the record explaining her absence is the unverified motion for a continuance made by her attorney stating that "defendant is now undergoing a series of medical treatments that must be done in consecutive order, which treatments will be completed in approximately six weeks." In *Smith v. Moore, supra,* it is said: "To say that a witness is 'sick' or 'unable to attend court' is indefinite, and by no means determinative of the admissibility of her former testimony as original substantive evidence."

The assignment of error relating to the failure of the trial court to admit the California transcript is without merit and is overruled.

[2] Defendant's second assignment of error relates to the refusal of the trial court to grant defendant's motions for judgment as of nonsuit. We have reviewed the evidence in its entirety and find that it was sufficient to survive the motions for nonsuit, and the assignment of error pertaining thereto is overruled.

We have carefully considered the other assignments of error brought forward and argued in defendant's brief, but finding them without merit, they are overruled.

No error.

CAMPBELL and MORRIS, JJ., concur.