STATE OF NORTH CAROLINA v. JULIUS SMALL

No. 7326SC825

(Filed 9 January 1974)

1. **Criminal Law § 155.5— failure to docket appeal in time — appeal as petition for certiorari**

    Defendant's appeal which was not docketed within 90 days after the judgment appealed from is treated as a petition for *certiorari* and granted so that the case may be considered on its merits.

2. **Criminal Law § 40— introduction of former testimony — unavailability of witness, opportunity to cross-examine required**

    In order for a court to receive into evidence testimony given at a former trial or at an earlier stage of the same trial, the witness must be unavailable and the party against whom the former testimony is now offered, or a party in like interest, must have had a reasonable opportunity to cross-examine.

3. **Criminal Law § 40— unavailability of defendant who fled — former testimony properly excluded**

    Where defendant fled from the courtroom during a recess following a *voir dire* to determine admissibility of his confession, defendant

was not entitled to have his *voir dire* testimony read into evidence, since defendant's absence did not satisfy the requirement of unavailability of the witness for the introduction of his former testimony.

**4. Criminal Law § 40— absent defendant — no opportunity to cross-examine — former testimony excluded**

Trial court did not err in refusing to allow defense counsel to read into evidence the absent defendant's testimony given earlier on *voir dire* since the admission of such evidence would give the State no opportunity to cross-examine defendant.

ON writ of *certiorari* to review trial before *Chess, Special Judge,* 16 April 1973 Session of Superior Court, judgment entered by *Snepp, Judge,* 27 June 1973 Session of Superior Court, held in MECKLENBURG County.

Defendant was indicted for the murder of William Charles Nash and tried at the 16 April 1973 Session of Superior Court of Mecklenburg County. J. D. Bumgardner, a Charlotte policeman, appeared as a witness for the State and testified that defendant, while under arrest at the Charlotte police station, had signed a written statement confessing to the crime.

Before any testimony about defendant's confession was received, the court held a voir dire hearing to determine whether such testimony was admissible. Bumgardner testified that defendant had signed the statement voluntarily, after being fully advised of his rights, and while he was sober. Defendant also testified on voir dire, stating that he had given the confession while drunk, and that it had been obtained by duress, with Bumgardner threatening to beat him unless he confessed. The court found that the confession was voluntary and that evidence relating to it was admissible.

The State produced other evidence corroborating defendant's confession. Defendant then offered his evidence, which tended to show that his confession had been involuntary and that another man had killed William Charles Nash. After four defense witnesses had testified, the court took a recess for lunch. When court reconvened in the afternoon, defendant was not present, and he could not be located although a careful search was made. The court proceeded with the trial in his absence. Counsel for defendant moved to introduce into evidence before the jury the testimony given by defendant on voir dire. The motion was denied by the court.

The jury found defendant guilty of voluntary manslaughter. Two months after the trial, defendant was found and brought

State v. Small

into court for sentencing. He was given a prison term of twelve years by Snepp, Judge, at the 27 June 1973 Session of Superior Court of Mecklenburg County, and he appealed to this Court.

*Attorney General Morgan, by Assistant Attorney General Robert G. Webb, for the State.*

*Howard J. Greenwald for defendant appellant.*

BALEY, Judge.

[1] The judgment in this case was entered on 27 June 1973. The record on appeal was filed more than ninety days later, on 23 October 1973. No order was issued by the trial court extending the time for docketing the record on appeal. Rule 5 of the Rules of Practice in the Court of Appeals provides that the record must be "docketed within ninety days after the date of the judgment, order, decree, or determination appealed from." The penalty for violating this rule is dismissal of the case. Accordingly, defendant's appeal will be treated as a petition for certiorari and is granted in order that the case may be considered on its merits.

[2] The court did not violate any right of defendant by continuing the trial after he fled from the courtroom. *Taylor v. United States,* 94 S.Ct. 194, 38 L.Ed. 2d 174 (1973). Defendant does not dispute this, but he assigns as error the failure of the court to permit his counsel to introduce into evidence his voir dire testimony and read it to the jury. In some situations, a court may receive into evidence testimony given at a former trial or at an earlier stage of the same trial. But in order for such testimony to be admissible, two conditions must be satisfied. First, the witness must be unavailable. *State Bar v. Frazier,* 269 N.C. 625, 153 S.E. 2d 367, *cert. denied,* 389 U.S. 826; *State v. Cope,* 240 N.C. 244, 81 S.E. 2d 773; *Glymph v. Glymph,* 4 N.C. App. 274, 166 S.E. 2d 482; McCormick, Evidence 2d, § 255, at 617. Second, "the party against whom the former testimony is now offered, or a party in like interest, must have had a reasonable opportunity to cross-examine." McCormick, *supra,* § 255, at 616; *accord, Bank v. Motor Co.,* 216 N.C. 432, 5 S.E. 2d 318; *McLean v. Scheiber,* 212 N.C. 544, 193 S.E. 708; *Hartis v. Electric R. R.,* 162 N.C. 236, 78 S.E. 164. In this case neither requirement is met.

[3] A witness cannot be considered unavailable when his absence has been procured by the party who seeks to introduce his former testimony. McCormick, *supra*, § 253, at 608-09; *see* 5 Wigmore, Evidence 3d, § 1405, at 155, 158; *Motes v. United States*, 178 U.S. 458 (1900). If a defendant persuaded a witness to abscond, or kidnapped a witness and held him in a secret place, no one would suggest that he should be permitted to use the witness's former testimony. Here defendant has brought about his own absence rather than that of another witness. The effect is the same, and the same rule should apply. Defendant should not be allowed to impose on the court by fleeing the jurisdiction and then introducing his former testimony into evidence. *Cf. State v. Prince*, 270 N.C. 769, 772, 154 S.E. 2d 897, 899.

[4] Defendant has likewise failed to satisfy the second requirement for the introduction of former testimony—the requirement of "a reasonable opportunity to cross-examine." When a criminal defendant testifies, he may be cross-examined on all aspects of the case. He may be questioned, for purposes of impeachment, about prior acts of misconduct and prior criminal convictions. 1 Stansbury, N. C. Evidence (Brandis rev.), §§ 56, 111-12. In this case there was no reason for the State to cross-examine defendant extensively when he testified on voir dire, because the voir dire hearing was concerned only with the voluntariness of defendant's confession. If defendant had taken the stand during the trial itself, the State might have chosen to cross-examine him at length. But the State would be deprived of this opportunity if defendant could introduce his voir dire testimony instead of testifying in person.

The trial court was correct in excluding defendant's voir dire testimony. Defendant has not shown that any error was committed at his trial, and his conviction is affirmed.

No error.

Judges CAMPBELL and HEDRICK concur.