STATE OF NORTH CAROLINA v. CHRISTOPHER BAKER

No. 171PA93

(Filed 8 April 1994)

**1. Rape and Allied Offenses § 15 (NCI4th)— first-degree rape— infliction of serious personal injury—mental or emotional harm**

In order to prove a serious personal injury in a rape case based upon mental or emotional harm, the State must prove that the defendant caused the harm, that it extended for some appreciable period of time beyond the incidents surrounding the crime itself, and that the harm was more than the *res gestae* results present in every forcible rape.

**Am Jur 2d, Rape §§ 4-6.**

**2. Rape and Allied Offenses § 15 (NCI4th)— first-degree rape— infliction of serious personal injury—mental or emotional harm**

In order to find a defendant guilty of first-degree rape based upon the infliction of serious personal mental injury, there is no requirement that the mental injury arise from an act of the defendant not ordinarily present in a forcible rape. What is required is that the mental injury extend for some appreciable time beyond the incidents surrounding the rape and that it is a mental injury beyond that normally experienced in every forcible rape.

**Am Jur 2d, Rape §§ 4-6.**

**3. Rape and Allied Offenses § 96 (NCI4th)— first-degree rape— infliction of serious personal injury—sufficient evidence of serious mental harm**

There was sufficient evidence of serious mental or emotional harm to the victim to support defendant's conviction of first-degree rape based upon the infliction of serious personal injury on the victim where the evidence tended to show that in the months after the rape, the victim suffered from depression and loss of appetite, quit her job because she could not handle dealing with the public, moved from her home, contacted a rape crisis center for counseling, had nightmares, and could not sleep; the victim experienced weight loss for ten months after the rape; before the rape the victim was a loving, caring and capable mother, but after the rape she

was unable to carry out her role as a mother and gave up the care of her child to the child's grandmother for nine months; and at the time of the trial, twelve months after the rape, the victim was still experiencing depression, was unable to sleep, and did not feel comfortable interacting with the public. A reasonable juror could conclude from this evidence that the victim's injuries extended for some appreciable time beyond the incidents surrounding the crime itself and that the injuries suffered are not the *res gestae* results present in every forcible rape.

**Am Jur 2d, Rape §§ 88 et seq.**

On discretionary review upon the State's petition pursuant to N.C.G.S. § 7A-31 of a unanimous decision by the Court of Appeals, 109 N.C. App. 557, 428 S.E.2d 216 (1993), vacating a judgment upon defendant's conviction of first-degree rape entered by Owens, J., at the 5 August 1991 Criminal Session of Superior Court, Orange County, and remanding for entry of judgment on the charge of second-degree rape, and finding no error in the judgment of second-degree sexual offense but remanding for new sentencing hearing. Heard in the Supreme Court 3 February 1994.

*Michael F. Easley, Attorney General, by Philip A. Telfer, Special Deputy Attorney General, for the State-appellant.*

*Glover and Petersen, P.A., by James R. Glover, for defendant-appellee.*

MEYER, Justice.

Defendant was convicted of first-degree rape and second-degree sexual offense and was given the mandatory life sentence for the first-degree rape and a concurrent twenty-year sentence for the second-degree sexual offense. The Court of Appeals held that the evidence was insufficient to support a jury finding that the victim suffered the serious personal injury necessary for a first-degree rape conviction. The court vacated the judgment of first-degree rape and remanded the case for entry of a judgment of second-degree rape. The Court of Appeals found no error in defendant's conviction for second-degree sexual offense but remanded that case for resentencing. The parties did not contest this decision, we do not discuss it herein, and the Court of Appeals' disposition of that charge remains undisturbed. However, as to the rape convic-

tion, we reverse the decision of the Court of Appeals and remand the case for reinstatement of the judgment entered on the first-degree rape.

The State offered evidence tending to show that on 21 August 1990, Tammy Jo Medlin was asleep in her mobile home. Also in the mobile home were her infant child; her roommate, Penny Brown; and Brown's two children. At about 12:30 a.m., defendant, a boyfriend of Ms. Brown's who was acquainted with the victim, came to the door and began knocking loudly. Ms. Medlin went to the door to see who was there. As Ms. Medlin was opening the door, defendant barged into the home, forced her arms behind her, and pushed her against the wall. Defendant then began kissing and fondling Ms. Medlin and stuck his finger into her vagina. Next, defendant forced the victim to her bedroom, threw her face down on the bed, and raped her.

Defendant was interrupted when one of his friends, Page Kimery, who had been waiting outside in defendant's car, knocked on the door of the mobile home. Defendant left Ms. Medlin, walked to the door, and let Mr. Kimery into the mobile home. Ms. Medlin got dressed and went out to the living room. She asked Mr. Kimery to make defendant leave and told him that defendant had just raped her. Defendant meanwhile was engaged in an argument with Ms. Brown in Ms. Brown's bedroom. Ms. Brown accused defendant of having sex with someone else. Defendant denied this at first but then admitted having sex with Ms. Medlin. Ms. Brown became very angry and began yelling at defendant; defendant began hitting Ms. Brown and chasing her around the mobile home. At this point, Ms. Medlin took the children and left the mobile home to call the police. She called the police from a convenience store. When the police arrived, she told them that defendant had raped her and that he was beating Ms. Brown.

The police followed Ms. Medlin back to the mobile home. When they arrived at the home, Ms. Brown, defendant, and Kimery were all standing outside. The police questioned Ms. Brown and then arrested defendant for assaulting a female.

The State also offered testimony tending to show that in the months after the rape, the victim suffered from depression and loss of appetite, quit her job because she could not handle dealing with the public, moved out of the mobile home, contacted a rape crisis center for counseling, had nightmares, could not sleep, and

was not able to care for her baby for nine months. The child's grandmother, Barbara Crutchfield, cared for the child during those nine months. At the time of the trial, almost a year after the rape, there was testimony that the victim's nerves were still bad, she was depressed, and she still had trouble sleeping.

Additional facts will be addressed as necessary for an understanding of the particular issue hereinafter presented.

The sole question presented for review by the State is whether the Court of Appeals erred in vacating defendant's conviction of first-degree rape. Defendant argues that, as the Court of Appeals concluded, there was insufficient evidence of serious personal injury, which was a necessary element of this particular charge of first-degree rape. We conclude, based on our decision in *State v. Boone*, 307 N.C. 198, 297 S.E.2d 585 (1982), that the Court of Appeals erred and that the State presented sufficient evidence to permit a reasonable juror to find that the victim suffered serious personal injury.

A person is guilty of rape in the first degree if the person engages in vaginal intercourse:

(2) With another person by force and against the will of the other person, and:

    a. Employs or displays a dangerous or deadly weapon or an article which the other person reasonably believes to be a dangerous or deadly weapon; or

    b. Inflicts serious personal injury upon the victim or another person; or

    c. The person commits the offense aided and abetted by one or more other persons.

N.C.G.S. § 14-27.2(a)(2) (1993).

In this case, it was not alleged that defendant displayed a deadly weapon or committed the offense aided and abetted by another. The State sought to prove defendant's guilt of first-degree rape by showing that defendant inflicted serious personal injury upon the victim.

In determining if there was sufficient evidence of serious personal injury to survive defendant's motion to dismiss the charge of first-degree rape, we view the evidence in the light most favorable

to the State. *State v. Jordan*, 333 N.C. 431, 438, 426 S.E.2d 692, 697 (1993). In reviewing a denial of a motion to dismiss based on insufficiency of the evidence,

> [a]ll contradictions in the evidence are to be resolved in the State's favor. *State v. Brown*, 310 N.C. 563, 313 S.E.2d 585 (1984). All reasonable inferences based upon the evidence are to be indulged in. *Id.* . . . [W]hile the State may base its case on circumstantial evidence requiring the jury to infer elements of the crime, that evidence must be real and substantial and not merely speculative. Substantial evidence is evidence from which a rational trier of fact could find the fact to be proved beyond a reasonable doubt. *State v. Pridgen*, 313 N.C. 80, 326 S.E.2d 618 (1985); *State v. Jones*, 303 N.C. 500, 279 S.E.2d 835 (1981).

*State v. Reese*, 319 N.C. 110, 138-39, 353 S.E.2d 352, 368 (1987).

In *State v. Boone*, we first noted that "serious personal injury" could be established based solely upon the existence of mental and emotional injury:

> We therefore believe that the legislature intended that ordinarily the mental injury inflicted must be more than the *res gestae* results present in every forcible rape and sexual offense. In order to support a jury finding of serious personal injury because of injury to the mind or nervous system, the State must ordinarily offer proof that such injury was not only caused by the defendant but that the injury extended for some appreciable time beyond the incidents surrounding the crime itself. Obviously, the question of whether there was such mental injury as to result in "serious personal injury" must be decided upon the facts of each case.

307 N.C. at 205, 297 S.E.2d at 590.

[1] Defendant argues that to establish the essential elements of first-degree rape based upon serious personal injury, when the injury is a mental injury, the State must prove that the defendant committed acts not present in every forcible rape which caused the requisite mental suffering. A close reading of *Boone* illustrates that this is not the test established to show serious personal injury based on mental or emotional injury. *Boone* holds that in order to prove a serious personal injury based on mental or emotional harm, the State must prove that the defendant caused the harm,

that it extended for some appreciable period of time beyond the incidents surrounding the crime itself, and that the harm was more than the "*res gestae*" results present in every forcible rape. *Res gestae* results are those "so closely connected to [an] occurrence or event in both time and substance as to be a part of the happening." *Black's Law Dictionary* 1305 (6th ed. 1990).

[2] Defendant argues that the legislature intended that in order to find one guilty of first-degree rape based upon infliction of serious personal mental injury, the mental injury must have been caused by an act of the defendant not present in every forcible rape. There is nothing in the statute or our case law to support such an argument. The statute clearly states that a defendant is guilty of first-degree rape if he "[i]nflicts serious personal injury upon the victim." Under defendant's theory, a defendant would not be guilty of inflicting serious personal injury even if the victim of a forcible rape suffers from a serious diagnosable mental trauma that all experts agree is greater than that normally suffered by a rape victim, unless the mental injury stemmed from an act not present in every forcible rape. Such a requirement is not supported by the plain wording of the statute. "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." *Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990).

Defendant's misunderstanding seems to stem from his reliance on *State v. Cofield*, 324 N.C. 452, 379 S.E.2d 834 (1989). In *Cofield*, this Court held that evidence that defendant had strangled the victim until she lost consciousness immediately after her rape and that she was suffering from nightmares almost four years after her rape supported a finding of the aggravating factor that there was physical or emotional injury in excess of that normally present in the offense, there second-degree rape. In reaching our decision that nightmares which persisted for almost four years were sufficient evidence of excess harm, we noted that the nightmares stemmed from defendant attempting to strangle the victim, an action that is not inherent in every second-degree rape. However, in *Cofield*, we did not consider whether the nightmares and the strangling constituted "serious personal injury," and, because the jury found defendant guilty of second-degree rape, there was no discussion of whether the injury at issue satisfied the requirement of serious personal injury so as to raise the crime to first-degree rape.

STATE v. BAKER

[336 N.C. 58 (1994)]

There is no requirement in *Boone* that the mental injury arise from an action not ordinarily present in a forcible rape, as defendant would suggest. What is required is that the mental injury extend for some appreciable time beyond the incidents surrounding the rape and that it is a mental injury beyond that normally experienced in every forcible rape.

In *Boone,* the evidence failed to support a finding of serious personal injury, as it indicated only that the victim was hysterical and crying immediately after the attempted rape. However, in *State v. Mayse,* 97 N.C. App. 559, 389 S.E.2d 585, *disc. rev. denied,* 326 N.C. 803, 393 S.E.2d 903 (1990), and in *State v. Davis,* 101 N.C. App. 12, 398 S.E.2d 645 (1990), *appeal dismissed & disc. rev. denied,* 328 N.C. 574, 403 S.E.2d 516 (1991), the Court of Appeals found sufficient evidence of serious personal injury based in part or in whole upon evidence of mental and emotional injury. In *Mayse,* the victim's mental and emotional injuries continued for at least seven months after the rape; the victim quit work, quit school, moved from her home, and sought professional help.

We recognize that the Court of Appeals attempted to distinguish *Mayse* in its opinion below. However, we conclude that the language in *Mayse* does not support the distinction made by the Court of Appeals. *Baker,* 109 N.C. App. at 562, 428 S.E.2d at 218. The Court of Appeals stated that *Mayse* is distinguishable because in *Mayse,* the victim sought counseling and was still suffering injuries at the time of the trial, seven months after the rape. *Id.* (citing *Mayse,* 97 N.C. App. at 563, 389 S.E.2d at 587). In this case, the victim also sought counseling, quit work, moved from her home, and was suffering from injuries at the time of the trial, twelve months after the rape. We thus are unpersuaded by the Court of Appeals' attempt to distinguish *Mayse* on these grounds.

The Court of Appeals distinguished *Mayse* by noting that in *Mayse,* the defendant displayed a knife; thus, he could be guilty of first-degree rape under the theory that he displayed a dangerous weapon. However, the Court of Appeals in *Mayse* specifically chose to address the issue of whether defendant could be guilty of first-degree rape based upon the theory of serious personal injury. The court held that, based upon the evidence noted above, the State had offered

"proof that such [mental and emotional] injury was not only caused by the defendant but that the injury extended for some

appreciable time beyond the incidents surrounding the crime itself" as required by *State v. Boone*[, 307 N.C. at 205, 297 S.E.2d at 590]. Therefore, we hold that the victim suffered serious mental injury and that defendant's motion to dismiss was properly denied.

*Mayse*, 97 N.C. App. at 564, 389 S.E.2d at 587-88. The Court of Appeals specifically stated that defendant could be guilty of first-degree rape based upon the theory of serious personal injury. *Id.* at 563-64, 389 S.E.2d at 587-88. We conclude that the finding of serious personal injury in the *Mayse* case is supportive of our conclusion that there was sufficient evidence of "serious personal injury" in this case.

In *State v. Davis*, 101 N.C. App. 12, 398 S.E.2d 645, the Court of Appeals also held that the evidence was sufficient to support a finding of serious personal injury. In *Davis*, the victim suffered from physical pain, appetite loss, severe headaches, nightmares, and difficulty in sleeping lasting for at least eight months.

[3] In this case, the mental injuries at issue "extended for some appreciable time beyond the incidents surrounding the crime itself." *Boone*, 307 N.C. at 205, 297 S.E.2d at 590. The victim experienced weight loss for ten months after the rape; at the time of trial, twelve months after the rape, she was still experiencing depression, was unable to sleep, and did not feel comfortable interacting with the public. Like the victim in *Mayse*, the victim here had quit work, moved from her home, and sought counseling. There was evidence presented in this case that before the rape, the victim was a loving, caring, and capable mother. However, after the rape, the victim was unable to carry out her role as a mother and had to give up her child to the child's grandmother, Barbara Crutchfield, for care for nine months.

From this evidence, a reasonable juror could conclude that the victim's injuries extended for some appreciable time beyond the incidents surrounding the crime itself and that the injuries suffered are not *res gestae* results present in every forcible rape.

The decision of the Court of Appeals is reversed, and the case is remanded to that court for further remand to the Superior

NAEGELE OUTDOOR ADVERTISING v. HARRELSON

[336 N.C. 66 (1994)]

Court, Orange County, for reinstatement of the judgment entered upon defendant's conviction of first-degree rape.

REVERSED AND REMANDED.