STATE OF NORTH CAROLINA v. CARLTON NICHLOS LILLY

No. 9329SC1192

(Filed 6 December 1994)

**Rape and Allied Offenses § 112 (NCI4th)— sexual assault— bruises and tears constituting serious personal injury**

Though a rape and sexual assault victim testified that she moved out of her home to live with her niece because she was scared to go back home, this evidence, standing alone, was insufficient to support a conclusion that the victim sustained a "serious" personal injury; however, bruises to the victim's rectal area and vaginal tears requiring surgery and three days of hospitalization were serious personal injuries which could be used to elevate the sexual offense to first degree.

**Am Jur 2d, Rape §§ 88 et seq.**

Judge LEWIS concurring in the result.

Judge GREENE dissenting.

Appeal by defendant from judgments entered 20 May 1993 by Judge Zoro J. Guice, Jr. in Rutherford County Superior Court. Heard in the Court of Appeals 27 September 1994.

STATE v. LILLY

[117 N.C. App. 192 (1994)]

*Attorney General Michael F. Easley, by Assistant Attorney General Christopher E. Allen, for the State.*

*David William Rogers for defendant-appellant.*

JOHNSON, Judge.

Defendant Carlton Lilly was convicted of one violation of North Carolina General Statutes § 14-27.2 (1993), first degree rape, one violation of North Carolina General Statutes § 14-27.4 (1993), first degree sexual offense, and one violation of North Carolina General Statutes § 14-54 (1993), breaking or entering. Defendant was sentenced to two consecutive life sentences, and an additional consecutive ten year sentence.

The State's evidence at trial showed that the victim was sexually assaulted and raped, in one attack, on 22 August 1992; the victim identified defendant as her attacker. Dr. Douglas Sheets, who examined the victim in the emergency room at Rutherford Hospital the night of the attack, testified that his examination revealed (1) vaginal bleeding; (2) one laceration in the internal vagina, measuring one and one-half inch in width and one-quarter of an inch in depth; (3) one laceration in the external vagina, measuring less than an inch in length; and (4) some bruising in the rectal area. While the bruising of the rectal area did not require surgery, both lacerations required stitches. The internal laceration was near the top of the vagina, and it did not extend into the deeper tissues or abdominal cavity. The victim required anesthesia during the examination and suturing process, and also required three days of hospitalization to recuperate. After the victim was released from the hospital she moved out of her house and began living with her niece, where she was living at the time of trial.

The single assignment of error argued in defendant's brief relates to the sexual offense conviction and we therefore address only that issue. N.C.R. App. P. 28(a). Although defendant makes other arguments in his brief, these are not addressed as there are no assignments of error to support them. N.C.R. App. P. 10(a); *State v. Thomas*, 332 N.C. 544, 423 S.E.2d 75 (1992) (arguments presented in appellate briefs must correspond to assignments of error set forth in the record). Defendant argues that the injuries suffered by the victim in the instant case do not constitute serious bodily injury and that therefore, the conviction for first degree sexual offense should be reversed and defendant should be resentenced for second degree sexual offense. Further, defendant argues that if a particular injury is a seri-

ous personal injury, it cannot be used as that element in both the rape and the sexual offense charges, elevating both charges to first degree. The State argues that there is substantial evidence of serious personal injury in that the victim suffered bruises in the rectal area, vaginal tears and mental distress.

A person engaging in a "sexual act," as defined in North Carolina General Statutes § 14-27.1(4) (1993), with another person "by force and against the will of the other person," is guilty of first degree sexual offense if that person:

> a. Employs or displays a dangerous or deadly weapon or an article which the other person reasonably believes to be a dangerous or deadly weapon; or

> b. Inflicts serious personal injury upon the victim or another person; or

> c. The person commits the offense aided and abetted by one or more other persons.

North Carolina General Statutes § 14-27.4(a)(2)(a), (b), and (c). In this case, there is no dispute that defendant committed a sexual act upon the victim, by force and against her will. There is no evidence that defendant used a dangerous weapon or that defendant was aided or abetted by another in the commission of the offense. Therefore, the only question is whether there is substantial evidence that defendant "inflict[ed] serious personal injury upon the victim[.]"

Our courts have "declined to attempt to define the substance of the phrase 'serious [personal] injury' and [have instead] adopted the rule . . . '[w]hether such serious injury has been inflicted must be determined according to the particular facts of each case.' " *State v. Boone*, 307 N.C. 198, 204, 297 S.E.2d 585, 589 (1982) (*quoting State v. Jones*, 258 N.C. 89, 91, 128 S.E.2d 1, 3 (1962)). In *Boone*, our Supreme Court cited several cases "holding that there was sufficient evidence to go to the jury on the question of 'serious bodily injury[.]' " *Boone* at 203, 297 S.E.2d at 589. Injuries which have been determined to be serious include wounds requiring sixty-four stitches, five teeth knocked out of alignment, and a whiplash injury causing cramps and pain in the victim's legs. *Id.* The Court in *Boone* stated that "serious personal injury" may be met by a showing of physical injury as well as mental injury, and noted that all of the cited cases "referred to involved tangible bodily injury and continuing suffering and pain." *Id.* at 204, 297 S.E.2d at 589. Mental injuries received as part of the *res*

*gestae* are not considered serious personal injuries. *Id.* Injuries to the mind and nervous system are within the meaning of "serious personal injury" if "the injury extended for some appreciable time beyond the incidents surrounding the crime itself." *Id.* at 205, 297 S.E.2d at 590.

We first address the issue of mental or emotional serious personal injury. Although the victim testified that she moved out of her home to live with her niece because she was "scared to go back" home, we do not believe this evidence, standing alone, is sufficient to support a conclusion that the victim sustained a "serious" personal injury. We observe that the State attempted to develop this testimony at trial, asking the victim, "[W]hat made you scared to live in your house?" However, after the State asked this question, defendant's counsel objected, and for unexplained reasons the trial court sustained the objection. Therefore, because this testimony was never developed, we are unable to say whether the victim's emotional injuries rose to a "serious" level. *See State v. Davis,* 101 N.C. App. 12, 398 S.E.2d 645 (1990), *dismissal allowed, disc. review denied,* 328 N.C. 574, 403 S.E.2d 516 (1991) (substantial evidence of serious personal injury present where victim suffered appetite loss, severe headaches and sleep difficulty); *State v. Mayse,* 97 N.C. App. 559, 389 S.E.2d 585, *disc. review denied,* 326 N.C. 803, 393 S.E.2d 903 (1990) (substantial evidence of serious personal injury present where victim received mental health care).

However, we believe the bruises to the rectal area of the victim are not injuries received as part of the *res gestae* of anal intercourse and do rise to the level of "serious personal injuries." Further, we believe that the injuries to the victim's vagina can be used to elevate the sexual offense charge to first degree. There is substantial evidence that the injuries to the victim's vagina are serious personal injuries. The victim sustained several tears in her vaginal wall, one measuring one and one-half inch in width and one-quarter inch in depth; furthermore, she required three days hospitalization to recover from the surgery. Clearly, these serious personal injuries can be used to elevate the sexual offense to first degree, because the rape, the ensuing serious personal injuries as a result of the rape, and the anal intercourse are "a series of incidents forming one continuous transaction between the . . . sexual offense and the infliction of the serious personal injury." *State v. Herring,* 322 N.C. 733, 739, 370 S.E.2d 363, 367 (1988) (*quoting State v. Blackstock,* 314 N.C. 232, 242, 333 S.E.2d 245, 252 (1985)). "Such incidents include injury inflicted on

the victim to overcome resistance or to obtain submission [and] injury inflicted upon the victim . . . in an attempt to commit the crimes[.]" *Id.* We find that the evidence shows that the injuries to the vagina were inflicted on the victim by defendant in an attempt to commit anal intercourse or in furtherance of the anal intercourse. The victim testified that "[h]e held me down, he told me to pull my clothes off and I didn't, he pulled my clothes off and pulled his clothes off, threw me down on the bed and raped me. . . . He raped me in my private part. . . . In the front and in the back." Therefore, as part of "one continuous transaction[,]" we find that the rape and the ensuing serious personal injuries the victim suffered as a result of the rape wore down the victim's resistance and contributed to her submission so that defendant was able to inflict further personal injury on the victim with the sexual offense of anal intercourse.

As such, we find that the injuries suffered by the victim in the instant appeal constitute serious bodily injury. We find defendant received a fair trial, free from prejudicial error.

Affirmed.

Judge LEWIS concurs in the result with separate opinion.

Judge GREENE dissents.

Judge Lewis concurring in the result.

While I agree with the result reached, I respectfully disagree with that part of the majority opinion which holds that there was not sufficient evidence of mental and emotional injury to support a finding of serious personal injury. Serious personal injury can be established solely upon mental and emotional injuries, provided such injuries extend for some appreciable time beyond the incidents surrounding the crime itself. They must be more than the *res gestae* results present in every forcible rape or sexual offense. *State v. Baker*, 336 N.C. 58, 62-63, 441 S.E.2d 551, 554 (1994).

I believe that there was sufficient evidence of such mental and emotional injury in this case to support the jury's verdict. The victim was a 71-year-old widow at the time she was raped and sodomized in her own home. She testified that after the attack, she was too frightened to go back to her home and that, as a result, she went to live with a niece. Even at the time of trial, nine months after the crime, the victim was still living with her niece. Clearly, the victim suffered men-

STATE v. LILLY

[117 N.C. App. 192 (1994)]

tally and emotionally as a result of the attack. These injuries did extend for an appreciable time beyond the incidents surrounding the crime itself and they are not the *res gestae* results present in every forcible rape or sexual offense. At age 71, when some professionals are forced to retire, the safety, comfort, and security of a person's home is of incalculable worth to her piece of mind. To be terrorized, raped, then sodomized and forced thereby to flee the sanctity of one's own dwelling is more than serious; it is near fatal. Accordingly, I would conclude that the victim's mental and emotional injuries amounted to serious personal injury.

Judge GREENE dissenting.

Although I agree with the majority's opinion that "we are unable to say whether the victim's emotional injuries rose to a 'serious' level," I do not believe that the bruising to the victim's rectal area constituted "serious personal injury," as contemplated by N.C. Gen. Stat. § 14-27.4 or that the rape and sexual offense in this case were a continuous transaction as contemplated by *Herring*, therefore I dissent.

Dr. Sheets testified that the victim received "some bruising in the rectal area," which he testified was consistent with a sexual assault. While the lacerations in the vagina required surgery and the victim required a hospital stay, the bruising in the rectal area did not require surgery and there is no other evidence regarding the bruising. These bruises, alone, are of the type present in every instance of anal intercourse and thus cannot support a conclusion that the victim sustained serious personal injuries. *See State v. Boone*, 307 N.C. 198, 205, 297 S.E.2d 585, 590 (1982).

While I agree that there is substantial evidence, *see State v. Herring*, 322 N.C. 733, 738, 370 S.E.2d 363, 367 (1988) (substantial evidence required to survive motion to dismiss), that the injuries to the victim's vagina are serious personal injuries, I do not believe that those injuries can be used to elevate the sexual offense charge to first degree in this case.

The evidence in this case does not support a conclusion that the injuries to the vagina of the victim are related in any manner to the anal intercourse, as set forth in the majority's examples of "a series of incidents forming one continuous transaction." Although the rape and the sexual offense occurred in one continuous transaction, there is no evidence that the injuries to the vagina were inflicted on the victim by the defendant in an attempt to commit anal intercourse or in further-

ance of the anal intercourse. This case must be distinguished for the situation where the serious personal injury inflicted upon the victim is used to subdue the victim in order to commit rape *and* sexual offense. In that event, the same injury can be used to elevate both rape and the sexual offense to first degree. *See Herring*, 322 N.C. at 739, 370 S.E.2d at 367-68 (permitting elevation of both rape and sexual offense where defendant choked victim into unconsciousness after committing offenses).

For these reasons, I would reverse the first degree conviction for sexual offense and remand this case to the Superior Court, Rutherford County, for pronouncement of a judgment as upon a verdict of guilty of second degree sexual offense and resentencing. *State v. Barnette*, 304 N.C. 447, 469, 284 S.E.2d 298, 311 (1981) (conviction of first degree sexual offense necessarily finds elements of second degree sexual offense).